| 61 | 225 |
| 74 | 72 |
| 77 | 638 |

</div>

---

<div align="center">

JOANNA EASON v. EDMOND EASON.

(Case No. 1802.)

</div>

1. CHARGE OF COURT.— A charge which instructs a verdict to be rendered for a party to a suit, when the uncontradicted evidence on all the issues involved clearly entitles him to such a verdict, is not error. Following Teal *v.* Terrell, 58 Tex., 257, and other cases cited.

2. SPECIFIC PERFORMANCE — STATUTE OF FRAUDS.— When improvements, made on land by one who has entered on the faith of a verbal grant, or gift of the land, are insignificant in value, or when the value of the use and occupation of the land by him who has thus entered has been of more value than the improvements made by him, no specific performance can be decreed.

APPEAL from Colorado. Tried below before the Hon. Everett Lewis.

Trespass to try the title, brought by Edmond Eason, to the premises described in plaintiffs' petition as a portion of original lot No. 1, block No. 97, in the town of Columbus. The defense set up by appellants was that the property had been given to appellant, Ceasar Eason, and his wife; that appellee had at the time put appellants in possession, which they had quietly enjoyed for over nine years; that they had made valuable improvements on the lot, and that appellee, who was the father of appellant Ceasar Eason, had all the while

promised to make appellants a deed to the same. The character of improvements made by defendant are stated in the opinion.

The jury, under the instruction of the court, found for the plaintiff.

Plaintiff below pleaded that the property in controversy was a portion of his homestead, and that he was the head of a family, and that the property in dispute had been continuously used by himself and family as such since 1866, and these facts seem to have been admitted on the trial of the cause as stated by the court in the charge to the jury. Other facts appear in the opinion. The jury was instructed to return a verdict for plaintiff.

*Mitchell & Pearson*, for appellants.

*McCormick & Logue*, for appellee.

WILLIE, CHIEF JUSTICE.— It has been frequently decided in this court that when a charge directing the jury to find for one of the parties to a suit upon one or all the issues involved in the cause is but the legal effect of uncontroverted evidence, and there is no question in reference to it to be passed upon by the jury, it may properly be given. Teal *v.* Terrell, 58 Tex., 261; Hedgepeth *v.* Robertson, 18 Tex., 871; Mitchell *v.* De Witt, 20 Tex., 294.

Such being the rule, the appellants cannot complain that upon their own version of this case, and accepting as true all the facts relied upon by them to defeat the plaintiff's action, taken in connection with the undisputed facts established by the plaintiff, the court charged the jury to find in favor of the latter, provided the clear conclusion of the law from such facts was that the plaintiff was entitled to recover.

Taking such facts alone into consideration, the case before the court was one where a father had verbally given to his son a portion of the homestead premises of the former, and the son had moved upon it, and had occupied it with his wife as a home for several years. All the improvements upon the premises were placed there by the father, with the exception of a smoke-house of little value, which was removed thither by the son from the premises of the father. The father had paid all taxes accruing upon the place since the gift, except fifty cents, which amount was paid by the son's wife sometime after the commencement of this suit.

Under such a state of case we can see no ground upon which a jury could possibly have found a verdict for the son and his wife,

appellants in this cause, which would not have been set aside by the court as against the law and the evidence.

Admitting that a party claiming under a parol gift made in consideration of natural love and affection, who has entered upon the land given him and made valuable improvements thereon, may claim a specific performance from the donor, this is not a case for the application of any such principle of equity.

The donor here seems to have placed upon the land all the improvements of any value, and the donee to have contributed on his part only the removal of a small meat-house belonging to his father, proved by the plaintiff to have been worth only $5 on account of its rotten condition, and by defendant to have been worth not more than $25 when new.

In the case of Ann Berta Lodge v. Leverton, 42 Tex., 25, Judge Moore, speaking of a purchase under a verbal contract for land, says it cannot be " maintained that any character of improvements or repairs made on the premises, of however little value, will entitle the purchaser to have the contract enforced." And further, on p. 26, that "It is well settled when the purchaser has been fully compensated for his improvements, or has gained more by his possession than he has expended in improvements, they will not avail him as a ground for specific execution."

This is an appropriate case for the application of both these principles, taking into consideration the insignificance of the amount expended by the son towards the improvements, and the long period of time during which he occupied the place without compensating his father for the use of it. He could not have compelled a specific performance on the part of his father; and hence could not defend successfully against a suit brought by the latter for a recovery of the land.

The court did not err in giving the charge complained of, and, finding no other error in the proceedings of the court below, the judgment is affirmed.

AFFIRMED.

[Opinion delivered February 27, 1884.]