## No. 2468.

### MAGGIE A. WOOLDRIDGE ET AL. *v.* W. H. HANCOCK ET AL.

1. NUNCUPATIVE WILL—DECLARATIONS.—Though a nuncupative will can not pass title to land, yet it is admissible when offered in connection with other evidence to show that the deceased had previously made a parol sale or gift of the land to the devisee.

2. PAROL SALE OF LAND.—The enforcement of a parol sale of land, when the vendee has taken possession and made valuable improvements, will be decreed on the ground that otherwise a fraud would be consummated on the vendee in possession; and the vendor, under such circumstances, is estopped to set up the statute of frauds to avoid the contract. See this case for facts under which it was *held* that specific performance of a parol sale of land could not be enforced.

APPEAL from Lamar. Tried below before A. M. Taylor, Esq., Special Judge.

*Maxey, Lightfoot & Denton,* for appellants: The equities arising under a parol gift of land, where the donor or vendor is living, create an estoppel; but this principle does not apply to a nuncupative will where the heirs of the decedent are

minors or married women; *a fortiori* where the rents received from the property exceed the improvement and taxes. (Steed v. Petty, 65 Texas, 490; Fitzgerald v. Turner, 43 Texas, 79; Crayton v. Morgan, 9 Texas, 285; Bigelow on Estoppel, 485 et seq., and authorities there cited; Eason v. Eason, 61 Texas, 226; Ann Berta Lodge v. Leverton 42 Texas, 25.)

In order to raise equities under a parol gift or sale, the donee or vendee must be given exclusive possession of the property, and must erect or cause to be erected the improvements out of his own means, and not jointly with the donor or vendor. (Lester v. Foxcroft, 1 White & Tudor's Leading Cases in Eq., part 2, p. 1033; Am. Notes, 1049; Haslet v. Haslet, 6 Watts, 464; Id., 32.)

*V. W. Hale*, for appellee: The court did not err in admitting in evidence the nuncupative will of Nancy G. Jennings and the probate thereof in this case. (Crutchfield v. Donathon, 49 Texas, 696; Hunt v. Turner, 9 Texas, 385; Whitson v. Smith, 15 Texas, 36; Taylor v. Snow, 47 Texas, 467; Murchison v. White, 54 Texas, 81; Shepard v. White, 11 Texas, 352; Moore v. Minerva, 17 Texas, 27; Pearsoll v. Chapin, 44 Pa. State, 9; Wait on Fraudulent Conveyances, secs. 436, 437, 420, 422; Abbott v. Draper, 3 Denio, N. Y., 51; 3 Parsons on Contracts, 7 ed., 57; Chicago, etc., Railway Company v. Wasserman, 20 A. and E. Railway Cases, 434; Waterman on Specific Performance, sec. 229; Freeman on Judgments, sec. 319a.)

When real estate is delivered by the donor in a parol gift or parol sale to the donee, and the latter makes valuable and permanent improvements on the faith of the grant, and especially where the donor is insolvent and nothing but specific performance is adequate protection to the donee or vendee, specific performance will be decreed, notwithstanding the rents received by the vendee may exceed the value of the improvements. (Ponce v. McWhorter, 50 Texas, 569, and numerous authorities there cited; Murphy v. Stell, 43 Texas, 134, 135; Hibbert v. Aylott, 52 Texas, 530; Waterman on Specific Performance, secs. 228, 229, 271–273, 280, 284, 285; Jamison v. Dimmock, 95 Pa. State, 521; Sower v. Weaver, 84 Pa. State, 267; Mahon v. Baker, 26 Pa. State, 52; Freeman v. Freeman, 43 New York, 34; Miles v. Miles, 8 Watts & Sergeant, 135; Neales v. Neales, 9 Wall., 1; Brown v. Brown, 6 Stewart, N. J., Eq., 650; 3 Pomeroy's Eq., sec. 1409.)

MALTBIE, PRESIDING JUDGE. Nancy G. Jennings was the owner of a tract of land of two hundred and thirty-one acres, situated in Lamar county. Her family consisted of Cicero, a son, and several unmarried daughters. Cicero lived with his mother and sisters for ten or more years after attaining his majority, and contributed his labor and earnings to the support of the family. About the last of December, 1872, the family moved upon the above tract of land. At that time there were one hundred acres of it in cultivation, worth three or four dollars per acre a year for rent. The family continued to reside upon the land until after the death of Mrs. Jennings, which occurred in October, 1873. Just before her death she made a nuncupative will, devising all of her property to Cicero, which was duly probated in Lamar county. Her property consisted of the said tract of land, together with household goods of little value. It is claimed by appellee that, before the family moved on the land, Mrs. Jennings made a parol sale or gift of it to Cicero, in consideration of services rendered in supporting the family for a period of ten years, which she valued at one hundred and fifty dollars per annum; that she delivered possession to him, and that he, with her knowledge and consent, erected a house thereon of the value of one hundred and fifty dollars, grubbed ten or twelve acres of the land and repaired a large portion of the fencing. Appellee purchased from Cicero and made considerable improvement, enhancing the value of the entire tract four or five dollars per acre. Appellants instituted this suit as heirs of their mother, to recover their respective interests in the aforesaid tract of land, on the twentieth day of September, 1883.

The first question presented is whether the nuncupative will of Mrs. Nancy Jennings is admissible in evidence. It is not contended that the will is effectual to pass title to the land, but that appellants, not having resisted its probate, and having acquiesced in the possession of Cicero and his vendee Hancock for so long a period of time, and Hancock having been induced by the conduct of appellants in the premises to improve the land, that they are estopped to assert their claim. This is not a sound proposition; for, if title to real estate can not pass by a nuncupative will, its probate was a matter of no consequence and appellants were not charged with the duty of resisting it; and if appellee was deceived or misled thereby, it was his own

folly and not the fault of appellants. In addition to this, it may be said that, at the time of the probate of said will, all of appellants were either minors or married women, and remained under disability until the commencement of this suit, and, in order to be estopped, their conduct must have been intentional and fraudulent. (Crayton v. Munger, 9 Texas, 285; Fitzgerald v. Turner, 43 Texas, 79; Steed v. Petty, 65 Texas, 496; Bigelow on Estoppel, 510.)

If appellants had any interest in the land, it was derived by descent from their mother, and was a legal title, and their failure to sue can not bar the right until barred by operation of the statute of limitations; though if the title was merely equitable it might be otherwise. (Williams v. Conger, 49 Texas, 601, 602; Moss v. Berry, 53 Texas, 632.)

But we are of opinion that the nuncupative will and Mrs. Jennings's declarations in reference thereto were admissible in evidence so far as the same might tend to show that she had previously made a parol sale or gift of the land to Cicero. It is settled law in this State that where there has been a parol gift of land, and the donee put in possession, and thereby induced to expend large sums of money in making improvements, equity will enforce the gift. (Willis v. Mathews, 46 Texas, 482, 483; Murphy v. Stell, 43 Texas, 133; Hendricks v. Snediker, 30 Texas, 296.)

But it is necessary to the validity of a parol sale or gift of land in Texas, however the rule may be elsewhere, that possession be delivered and substantial and valuable improvements made, with the consent or knowledge of the vendor, upon the faith of such gift or sale; and that the mere taking possession or making improvements of insignificant value is not sufficient, especially where the value of the rents exceeds that of the improvements. (Ann Berta Lodge v. Leverton, 42 Texas, 18; Eason v. Eason, 61 Texas, 227.)

The ground upon which courts of equity decree the specific performance of a parol sale of land, where the vendee has been induced to enter into possession and make valuable improvements, is that the refusal to complete the sale or gift would in many instances work a fraud on the party in possession, and the vendor under such circumstances is estopped to set up the statute of frauds to avoid his contract. (Ann Berta Lodge v. Leverton, supra; Waterman on Specific Performance of Con-

tracts, par. 280, pp. 381, 382.)   It follows that every case of this class must stand on the special facts; and, where it would be inequitable and fraudulent as against the person in possession, and especially where he can not be restored to his former condition, the vendor or donor will not be permitted to repudiate the contract; but the inclination of courts is against extending the rule dispensing with writings in the transfer of lands beyond its present limit, whatever hardship its enforcement may cause in particular cases, the policy of ever having dispensed with it in any case being doubted.

Applying the principles here laid down to this case, we are of opinion that, if Mrs. Jennings took upon herself the obligation of paying Cicero for the services rendered her, whether there was an express contract between them in the beginning or not, and, in consideration thereof, sold him the land in parol and delivered possession; and if he, on the faith of the sale, with the knowledge or consent of Mrs. Jennings, made improvements on the land, and the value of the services rendered, together with the value of the improvements, exceed the value of the rents of the place for such length of time, as it must be presumed there has been great changes in the condition of the parties and the property, or when this is shown by proof—as where the vendor has become insolvent, or the debt barred by limitation, or the property has been greatly enhanced in value, or from the like circumstances, it would be a fraud on the rights of appellee to permit appellants to recover, they would be estopped to do so.

On the contrary, if Mrs. Jennings did not undertake to pay the said Cicero for his services, but made a parol gift of the land to him, and he, on the faith of the gift, made valuable improvements thereon, but not to exceed the value of the rents, appellants would not be estopped to prosecute their suit.

Or, if Mrs. Jennings made a verbal sale or gift of the land, to take effect after her death, and retained control and possession of the place during her lifetime, no title was acquired thereunder, whatever improvements may have been made on the land; for it is essential, in case of parol gift or sale of land, that possession should accompany or follow the gift or sale; and there being no intention to part with the title until some indefinite time in the future, there could be no exclusive adverse possession as against the owner, which seems to be

necessary in order that it may ripen into a title. (1 White & Tudor's Leading Cases in Equity, part 2, pp. 1048, 1049, and authorities cited.)

We think the judgment should be reversed and the cause remanded.

*Reversed and remanded.*