SANDERS et ux. v. THOMPSON BROS. LUMBER CO.†

(Court of Civil Appeals of Texas. Galveston. June 29, 1911. Rehearing Denied Oct. 5, 1911.)

1. GIFTS (§ 25*)—REAL PROPERTY—PAROL EVIDENCE TO ESTABLISH.

Where defendant's grantor, after purchasing from the state a large tract of land, upon part of which plaintiff was residing, told plaintiff that he had made the purchase to keep others from getting it, but that plaintiff could

---

remain on the land, and might have the 160 acres he wished to purchase from the state, and plaintiff neither took possession nor placed improvements upon the land upon faith of the gift, plaintiff acquired no equitable title, and was not entitled to prove the declaration of defendant's grantor.

[Ed. Note.—For other cases, see Gifts, Cent. Dig. §§ 43–48; Dec. Dig. § 25.*]

2. ADVERSE POSSESSION (§ 66*)—CONSTRUCTIVE POSSESSION.

Where the owner of land was in possession of part of it, his possession was extended by construction to the whole tract, save that in the actual possession of the trespasser; and the owner's constructive possession was not restricted, nor the possession of the trespasser extended, by the owner's declaration that the trespasser might have 160 acres, instead of the 10 or 15 he was then occupying.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 371–383; Dec. Dig. § 66.*]

Appeal from District Court, Tyler County; W. B. Powell, Judge.

Action by S. A. Sanders and wife against the Thompson Bros. Lumber Company, in which defendant filed a cross-complaint. From a judgment for plaintiffs upon one issue and otherwise for defendant, plaintiffs appeal. Affirmed.

Joe W. Thomas, for appellants. J. A. Mooney, for appellee.

PLEASANTS, C. J. This is an action of trespass to try title, brought by appellants S. A. Sanders and wife against the appellee, to recover a portion of a survey of 640 acres of land in Tyler county, described as the G. & B. Nav. Co. survey No. 43, block 1. The petition, after alleging facts showing title in plaintiffs by limitation to a tract of 560 acres out of said survey, which is described by metes and bounds, further alleges: "That the plaintiffs have located upon the said 560 acres of land in the north part thereof, and near the north line above set out, their home and other improvements, a farm of 15⁵/₇ acres, under fence and inclosed and in cultivation, and has been all the time during their peaceable and adverse possession thereon, which improved and inclosed land in actual occupancy is described as follows. [Here follow field notes.] That said improvements, farm, dwelling house, and other houses usual and incident to a farmhouse, are generally and notoriously known as the homestead place of these plaintiffs, and have been for more than 10 years, during which time they occupied, used, etc., aforesaid premises. Wherefore plaintiffs pray that [service having been had and answer made by defendant] that judgment of the court for the title and possession of 160 acres of land, to include their said improvements, out of the said 560 acres of land above described, for a survey of same under the direction of the court, as the law provides, partitioning same from the balance of the survey, and for the title and possession of the 15⁵/₇ acres, and for their writ of possession and restitution, and for all costs and general and special relief," etc.

The defendant, Thompson Bros. Lumber Company, answered by general demurrer, general denial, plea of not guilty, and then pleaded further, to wit: "Further answering herein, defendant says that on the day and date of the filing of the plaintiffs' suit it was the owner of and entitled to the possession of the following tract of land in Tyler county, Tex., to wit: Section 43, G. & B. Nav. Co. abstract No. 978, and awarded to J. D. Brown in the northeast part of Tyler county, Tex. And that on said day and date plaintiff unlawfully dispossessed the defendant, and ejected therefrom, and is now pretending to assert some kind of claim and the title thereto, to its damage in the sum of $1000. The premises considered, defendant prays that citation issue to plaintiff, commanding him to appear and answer this cause of action, upon a trial of same; that it have judgment against plaintiff for its land, damages, and injury, and all costs of suit, and general and special relief in law and in equity."

Upon the trial in the court below, the following agreed statement of facts was introduced in evidence: "We, the parties to this suit, agree that plaintiffs S. A. Sanders and wife, Mrs. S. A. Sanders, have had and held actual, peaceable, and adverse possession of the land sued for by them, cultivating, using, and enjoying the same continuously, for more than 10 years—that is, from December 29, 1899, to the filing of this suit on January 10, 1910—which possession and claim were sufficient to perfect their title under their plea of 10 years limitation title, subject, however, to whatever restrictions by virtue of J. D. Brown's possession, occupancy, and claim, if any, on said section 43, G. & B. Nav. Co. survey; and we further agree that whatever title said Brown had is now in the defendant, Thompson Bros. Lumber Company. And it is further agreed that J. D. Brown had actual possession of 12 or 15 acres of said section 43, cultivating, using, and enjoying same for four years (that is, for the years 1899, 1900, 1901, 1902, and 1903), his actual occupancy and possession being in the southeast corner of said section 43, and that the 15⁵/₇ acres actually occupied by plaintiffs, and inclosed and fenced by them, is situated about three-fourths or one mile from J. D. Brown's said improvements, and that plaintiffs' said improvements are situated at and near the north line of said section. That said 560 acres of said section 43 was awarded to J. D. Brown by the state, on December 29, 1899, at $1 per acre. That

this suit was commenced January 10, 1910. That the state was paid in full all purchase money; the last payment made September 7, 1909. J. D. Brown, by deed of conveyance, transferred to C. B. Barclay, for a recited consideration of $460, his interest in the 560 acres (section 43) involved in this suit, on August 1, 1903; deed filed for record August 3, 1903, and recorded in volume 11, page 18, of Tyler County Deed Records. C. B. Barclay, by deed of conveyance, transferred to J. A. Mooney, for a recited consideration of $12,546.67, his interest to the 560 acres of section 43, G. & B. Nav. Co. survey (and other lands) on May 31, 1904; said deed filed for record June 10, 1904, and recorded in volume 12, page 194, Tyler County Deed Records. J. A. Mooney, by deed of conveyance, transferred to Thompson Bros. Lumber Company, for a recited consideration of $766, his interest in the 560 acres of said section 43, on April 17, 1907; filed for record April 23, 1907, and recorded in volume 19, page 540, of Tyler County Deed Records."

Plaintiffs then offered to prove by the witnesses S. A. Sanders, Joe Howell, and Grover C. Howell the following facts: "That S. A. Sanders and family went upon section 43, G. & B. Nav. Co. survey [the land in dispute] in 1896, before J. D. Brown moved thereon, and said Sanders made application to the state at first to purchase 40 acres of this section, but was notified by the General Land Office that he could not purchase that amount of land, and upon learning ,he must purchase in 80, 160, or 320 acre lots, or the whole section, then he made application the second time for 160 acres, but some two or three days before this second application by Sanders Mr. J. D. Brown had made application for the entire section [560 acres, balance left of the section]. That said Brown then at this time when Sanders made his application, the latter part of 1899, came to Sanders and stated to him that he did not mean to 'run under him,' but only made application for the whole section in order to keep others from getting in, but that for Sanders to remain on the land, and that he might have the 160 acres. That he [Brown] would never molest or interfere with him in his holdings. That said Sanders did remain there, claiming and holding the 160 acres, and was never molested by any one, having had and held and claimed same by continuous occupancy all the time since said agreement." Defendant objected to the introduction of this testimony, on the ground that it "seeks to graft an oral sale by occupancy on the land." The objection to the admission of this testimony was sustained.

Under a peremptory instruction by the court, the jury returned a verdict in favor of plaintiffs for the 15⅝/₇ acres of land described in their petition, and in favor of the defendant for all of the remainder of the 560-acre tract, and judgment was rendered accordingly.

The plaintiffs duly excepted to the ruling of the court, refusing to admit the testimony above set out, and under an appropriate assignment of error presents the question to this court, and contends that such ruling was erroneous and requires a reversal of the judgment of the court below. This is the only question presented by the appeal.

[1] We do not think the court erred in refusing to admit this testimony. It only showed a verbal gift of 160 acres of land by Brown to plaintiff, S. A. Sanders, and no facts were offered to be shown which would raise such equities as would make the verbal gift effective to pass title to the land. No possession of the land was taken, and no improvements were placed thereon upon the faith of such gift, and it is clear that no equitable title was acquired by Sanders by the oral declarations of Brown that he could have 160 acres of the land, and "that he [Brown] would never molest or interfere with him in his holdings." Wooldridge v. Hancock, 70 Tex. 21, 6 S. W. 818; Ann Berta Lodge v. Leverton, 42 Tex. 18; Eason v. Eason, 61 Tex. 225; Ward v. Stuart, 62 Tex. 335.

[2] Brown having title to the whole of the tract and being in actual possession of a portion of it, his possession extended by construction to all of the tract, except that portion in the actual possession of Sanders, and we do not think the extent of his constructive possession was restricted, nor the possession of Sanders extended by construction, by Brown's declaration that Sanders could have 160 acres of the land. We do not think that under an oral gift or promise of this kind the donee could acquire title to land not in his actual possession by simply claiming it for 10 years. Under the 10-year statute of limitation, Sanders' possession of the 15⅝/₇ acres would not give him adverse possession of any of the balance of the tract, because Brown's possession of a portion of the tract gave him constructive possession of all of the tract to which he had title, which was not in the actual possession of Sanders; and he could no more lose this constructive possession by verbal declaration that he would not claim it, than he could pass title to the land by such declaration.

We are of opinion that the judgment of the court below should be affirmed, and it is so ordered.

Affirmed.