LEONARD v. CONTINENTAL BANK & TRUST CO. et al. †

(Court of Civil Appeals of Texas.  Dallas. Jan. 27, 1912.  Rehearing Denied Feb. 17, 1912.)

TRIAL (§ 168*)—QUESTIONS OF LAW AND FACT —DIRECTION OF VERDICT.

Where there is no controversy as to the facts, or the inference to be drawn therefrom, the court may instruct the jury how to find, notwithstanding Sayles' Civ. St. 1897, art. 1317, providing that the judge shall distinctly separate the questions of law from the questions of fact, and shall instruct the jury as to the law, and shall submit all controverted questions of fact to the jury.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 376–380; Dec. Dig. § 168.*]

Appeal from District Court, Collin County; J. M. Pearson, Judge.

Action by Wade B. Leonard against the Continental Bank & Trust Company and an-

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes.

† Writ of error denied by Supreme Court.

other. Judgment for defendants, and plaintiff appeals. Affirmed.

William H. Atwell, for appellant. F. E. Wilcox and G. R. Smith, for appellees.

BOOKHOUT, J. The appellant, who was the plaintiff in the lower court, brought this action against the defendants, the Continental Bank & Trust Company and G. M. Alsup, for commissions alleged to be due him as stockbroker, by reason of the sale of certain of the bank stock of the Farmers' National Bank of Van Alstyne, Tex. The petition alleged, in substance, that the plaintiff was engaged in the business of buying and selling and handling bank stock and other stocks and bonds on commission; that as such stockbroker he had been authorized by the owner to list a portion of the stock of the Van Alstyne bank, with the understanding that the purchaser was to pay the commissions, which said commissions were $3 per share; that after such listing the defendant Alsup, in his individual capacity and as the representative of the defendant the Continental Bank & Trust Company, closed a contract of purchase with the owners of the stock of the said Van Alstyne bank; that there were 500 shares of the stock so listed; that the plaintiff was instrumental in bringing the buyer and the seller thereof together. The plaintiff further alleged that he did not know whether the defendant Alsup or the defendant Continental Bank & Trust Company became the purchaser, but that in either event the information which led them, or either of them, to become purchasers, was received through him, the plaintiff, and that in either event he was entitled to his commissions; that such commissions, to wit, $3 per share, were the reasonable value of the services rendered by the plaintiff. The plaintiff further charged that the defendants conspired together to defraud the plaintiff of his commission by claiming that the defendant Alsup had nothing to do with the trade, but that, as a matter of fact, the trade was made by reason of the information furnished by the plaintiff, and that it was by reason of such information that the defendants, or either of them, was able to make the purchase. He asked judgment for $1,500, with 6 per cent. interest from August 1, 1907. The defendants replied by general demurrer and general denial, and specially pleaded that Alsup was not authorized to make any trade for the defendant the Continental Bank & Trust Company. Defendant Alsup filed a general demurrer and a general denial. After the taking of the testimony upon the issues so formed, the court instructed the jury to return a verdict in favor of both defendants. To this action plaintiff excepted, and perfected an appeal.

Appellant assigns error to the action of the court in instructing a verdict for defendants, and contends that there was evidence in the case that made it the duty of the court to submit the case to a jury. The statute provides that the judge "shall so frame the charge as to distinctly separate the questions of law from the questions of fact; he shall decide on and instruct the jury as to the law arising on the facts, and shall submit all controverted questions of fact solely to the decision of the jury." Sayles' Civ. Stats. 1897, art. 1317. When, however, the evidence is all on one side, and there is no controversy as to the facts, or the inference to be drawn from them, the court may instruct the jury how to find. Eason v. Eason, 61 Tex. 225; Teal v. Terrell, 53 Tex. 261. A careful examination of the evidence has convinced us that the charge of the court only stated the legal effect of the uncontradicted evidence, and there was no question to be passed on by the jury. Such being the effect of the uncontradicted testimony, the court was authorized to instruct a verdict.

The judgment is affirmed.