## STRAUSS v. SLONE.    (No. 8062.)

(Court of Civil Appeals of Texas. Galveston. April 28, 1921. Rehearing Denied June 2, 1921.)

Trespass to try title &10—Purchaser in possession having paid price and made improvements has equitable title supporting action for possession.

Where purchaser had been placed in possession of the land by the vendor, who had shown him the corners and boundaries, and he had paid the purchase price and made valuable improvements, he had an equitable title superior to the vendor's legal title, and the purchaser's petition in suit to recover title and possession, alleging such facts, was not demurrable, nor, although it stated that the deed given him by the vendor misdescribed the land, was it open to the objection that it showed the suit was one to reform the deed, which right was barred by limitations; for, being in possession, the purchaser's right to the land was independent of any reformation of the deed.

Appeal from District Court, Jackson County; John M. Green, Judge.

Action by N. Strauss against J. R. Slone. From judgment of dismissal, plaintiff appeals. Reversed and remanded.

Proctor, Vandenberge, Crain & Mitchell, of Victoria, and McCrory & Vance, of Edna, for appellant.

Cline & Ingram, of Wharton, for appellee.

LANE, J. This suit was instituted in the district court of Jackson county by appellant, N. Strauss, on the 1st day of January, 1920, against appellee, J. R. Slone, for the recovery of title and possession of 80 acres of land, a part of section 14 of the Morris & Cummings survey in Jackson county, Tex.

The plaintiff alleged that in September,

1895, appellee was the owner of a certain 200 acres of land, a part of said section 14, claiming under those who had theretofore purchased the same from the state of Texas; that on the 8th day of January, 1898, appellee sold 80 acres out of said 200 acres to one H. T. Rackley, and that in the year 1902 Rackley reconveyed the same to appellee; that on the 3d day of August, 1903, appellee conveyed said 80 acres to the plaintiff and placed him in possession thereof, and that plaintiff took possession of said 80 acres and made valuable improvements thereon, and that thereafter, on the 27th day of April, 1910, for and in consideration of the execution and delivery by appellee to plaintiff of his certain promissory notes, aggregating $5,700, secured by a vendor's lien on said property, plaintiff conveyed the same to appellee; that thereafter, on the 4th day of March, 1913, appellee, joined by his wife, redeeded said 80 acres to plaintiff in payment of the aforesaid notes and interest due thereon and again placed plaintiff in possession thereof; that all of said conveyances were made subject to certain purchase money due the state of Texas; that in all of the deeds relating to said 80-acre tract above mentioned by mutual mistake of the parties the said 80 acres actually sold, and of which the several purchasers were placed in possession, was misdescribed as follows:

"All that certain 80 acres, a part of section No. 14, Morris & Cummings surveys, in Jackson county, Tex., and by metes and bounds thus described: Beginning at the southeast corner of said section No. 14; thence north 45 degrees east 1,434.16 varas to stake for corner; thence north 45 degrees west 314.9 varas to stake for corner; thence south 45 degrees west 1,434.16 varas to stake for corner; thence south 45 degrees east 314.9 varas to the place of beginning"

—that the 80 acres actually sold by said several conveyances, and of which the several purchasers were placed in actual possession, is described as follows:

"Beginning at the southeast (or east) corner of said section No. 14; thence north 45 degrees west 1,434.16 varas to stake for corner; thence south 45 degrees west 314.9 varas to stake for corner; thence south 45 degrees east 1,434.16 varas to stake for corner; thence north 45 degrees east 314.9 varas to place of beginning."

He further alleged that he purchased from appellee the land and premises last described, and that upon his first purchase of the same in August, 1903, he was placed in possession of the same; that he took actual possession thereof; that he placed valuable and permanent improvements on it and used and cultivated it and exercised exclusive and absolute possession, control, and dominion over it up to the time of his sale thereof to appellee on the 27th day of April, 1910; that upon the second sale of said land by appellee to plaintiff, on the 4th day of March,

1913, appellee again placed plaintiff in possession of the identical 80-acre tract sued for, and in doing so appellee pointed out to plaintiff the four corners and boundaries thereof; that plaintiff then and there took possession of said land and remained in the full possession and enjoyment of the same, using and cultivating the same and exercising dominion thereover, and placing permanent and valuable improvements thereon, with the knowledge and acquiescence of defendant, until the 15th day of October, 1919, at which time the defendant forcibly entered upon said premises without the consent of plaintiff, and began exercising acts of dominion and control over the same, and over plaintiff's protest is plowing up said land, and has ousted plaintiff and his tenants from the possession thereof, to plaintiff's great damage in the sum of $1,000.

By paragraphs 11 to 14 of his petition the plaintiff made the following allegations and prayer:

"That subsequent to said reconveyance to plaintiff by defendant dated March 4, 1913, defendant pointed out to plaintiff and his tenant, one and both of them, on the ground, said 80 acres of land in accordance with the field notes as above correctly given, pointed out stakes which he himself had set for corners and boundaries, and directed where the line was between plaintiff's and defendant's land and where plaintiff should erect his levee, which was subsequently erected by plaintiff at much expense, and affirmatively stated to him and them that same belonged to plaintiff, was owned by plaintiff, and that he (defendant) had no claim or interest in said land, or in the fence and improvements then thereon; that at the time and also subsequent to said reconveyances defendant and plaintiff agreed that each should pay his part, according and in proportion to acreage owned by each, of the sum due the state of Texas, and in accordance and compliance with such agreement plaintiff paid the sum of $200 to the state of Texas upon and in satisfaction of the sum due it upon said 80 acres of land, which sum has been placed by the state to the credit of defendant upon the whole tract of 200 acres; that under said conveyance and under positive assertions by defendant to plaintiff and third persons of plaintiff's ownership of said 80 acres of land, and with absolute and continued acquiescence of defendant, who lived only a short distance therefrom, in plaintiff's possession, ownership, control, and absolute dominion thereover, plaintiff, by reason thereof, built fences, houses, and placed valuable and permanent improvements thereon, as before alleged, and that such conveyance and express recognition by defendant of plaintiff's rights in and to said land and positive assertion of ownership, possession, and right to possession of said 80 acres in and by plaintiff, and the continued acquiescence therein by defendant until very recently, has occasioned the payment of money by him, plaintiff, to the state as above alleged, and has further occasioned material changes as above alleged in plaintiff's condition with reference to said 80 acres of land, which would oth-

erwise not have occurred and otherwise would not exist.

"XII. Plaintiff alleges that he is the owner of the 80-acre tract of land, subject only to the indebtedness thereon due the state of Texas, and, that defendant's trespass and taking possession thereof is wrongful, but that, unless restrained by order of this court, the defendant will continue his wrongs and trespass against this plaintiff, will eject plaintiff's tenants and servants from said land, and will prevent the cultivation and use thereof by plaintiff, all of which defendant is threatening and intending to do.

"XIII. Plaintiff further alleges that defendant is asserting some claim of title to the said 80 acres of land, which claim constitutes a cloud upon plaintiff's title. Plaintiff alleges that by reason of the promises he is entitled to the full and complete possession and use of the premises described, and that the defendant, by reason of the acts complained of, is wrongfully depriving plaintiff thereof.

"XIV. Wherefore plaintiff prays, defendant having been served with citation and having answered herein, and a temporary injunction having been heretofore granted and issued in this cause against defendant restraining him from in any wise trespassing upon said 80-acre tract, or in any wise interfering with the use and possession thereof by plaintiff or his tenants, or from in any wise molesting plaintiff or his tenants in the use and enjoyment thereof, that upon final hearing hereof said injunction be made permanent, and plaintiff have judgment against defendant for said 80-acre tract as correctly described herein, divesting out of defendant all claim or title thereto, and fully and absolutely restoring all rights, claim, and title to said land in this plaintiff; that, moreover, plaintiff have judgment against defendant for his damages, and all costs of suit, and for such general and special relief as he may be entitled to in law or in equity."

The defendant, J. R. Slone, presented a general demurrer and one special exception to the plaintiff's petition, insisting: First, that the allegations of the petition are insufficient to entitle the plaintiff to any relief whatever; second, that the suit of the plaintiff as shown by his petition is one for the reformation of the deed by which the defendant sought to convey the land involved herein to the plaintiff, and, since it is shown upon the face of the petition that more than four years had elapsed between the date of the execution of said deed and the filing of the plaintiff's suit, it is apparent from the petition that the cause of action attempted to be set up by the same was at the time of filing the suit barred by the four-year statute of limitation, and that therefore the petition is subject to defendant's demurrer; and, third, that since there is no prayer for a reformation of the deed in question, no such relief can be had in the suit.

The court sustained both the general demurrer and the special exception, and upon the refusal of the plaintiff to amend his pleadings the cause was dismissed.

N. Strauss has appealed from the judgment of dismissal, and insists that his suit as made by his petition was not one for the reformation or correction of a deed, but that it was and is a suit for the recovery of the land properly described in his petition and of which he was placed in possession by the defendant after he had purchased the same from defendant, and after he had been shown the corners and boundaries thereof by defendant, and after he had in good faith entered thereon and thereon made valuable improvements and paid to defendant the purchase price therefor, and therefore the demurrer and special exception of defendant were erroneously sustained by the court.

We think the petition alleged a good cause of action, and that the court erred in holding to the contrary. The plaintiff pleaded an equitable title to the land in controversy superior to the legal title held by the defendant, and if the allegations of the petition can be sustained by proof, the plaintiff should be awarded a recovery. Gilmore v. O'Neil, 107 Tex. 18, 173 S. W. 204; Wooldridge v. Hancock, 70 Tex. 21, 6 S. W. 818; Lodge v. Leverton, 42 Tex. 18.

It is held in the cases cited and in many others which might be cited, that where a purchaser takes possession of land under an oral contract of purchase and sale, pays the purchase money therefor, and makes valuable improvements by reason of said contract, he has an equitable title superior to the legal title remaining in the vendor. It would seem unconscionable that the party who has received the advantages of the contract, as alleged by the plaintiff in this case, should be permitted to say that, notwithstanding the fact that I made the sale as alleged by the plaintiff, that he paid me for the land, and I put him in possession thereof, and thereafter he made valuable improvements thereon, still I am the owner of said land, because I have never conveyed it to the plaintiff by an instrument of writing. This is the effect of what appellee has said by his demurrers which were sustained by the trial court.

In Gilmore v. O'Neil, supra, quoting from Vardeman v. Lawson, 17 Tex. 10, it is said:

"The defendant being in possession under a contract to convey, and having paid the consideration, is the equitable owner of the land. His is superior to the legal title remaining in his vendor; and, there being no possession adverse to his right, the statute of limitations does not run against it."

Again:

"This equity to the one-third of an acre would have been incapable of enforcement as a title in Mrs. Duey's hands, because she had no possession; and, being out of possession, the reformation of the deed executed by Jones and wife would have been necessary to invest her with title. But had she taken possession, accompanied by improvements, having already

paid the full purchase price of the land, there could be no doubt of the perfection of her equity into an equitable title, superior to the legal title in Jones and wife, and entitled to prevail against it in the hands of any subsequent owner not protected as an innocent purchaser."

Again:

"His entry into possession and his ownership were unquestioned by the Jones heirs, or any one else, until shortly before the institution of this suit. It is evident under this state of facts that, independent of the deed from Jones and wife to Mrs. Duey, O'Neil held a perfected equitable title to the land in controversy superior to the legal title in Jones or his heirs, or in the hands of any one acquiring it from them with notice of the equity."

If appellant's title was the superior title, as alleged by him, and was, as we have found, capable of enforcement against the legal title remaining in appellee, his right to be quieted in it would follow. Asserting, as he has, a superior equitable title independent of the deed executed by appellee as the basis of his suit, in what way was the reformation of such deed essential to the establishment of his demand? Having reached the conclusion that the plaintiff's petition alleged a cause of action, and that the trial court erred in sustaining the demurrer and exception addressed thereto and in rendering judgment dissolving the temporary injunction theretofore granted and dismissing said cause, we further conclude that the judgment should be reversed, and the cause remanded for trial upon its merits, and it is so ordered.

Reversed and remanded.