**DUGGAN v. BENNY et al.**

No. 5809.

Court of Civil Appeals of Texas. Amarillo.

Sept. 29, 1947.

Rehearing Denied Nov. 10, 1947.

Griffin & Morehead, of Plainview, for appellant.

P. B. Randolph, of Plainview, for appellees.

STOKES, Justice.

This suit was filed July 25, 1946, by the appellant, John S. Duggan, against the appellees, Arthur Benny and A. N. Johnson administrator of the estate of Jottie Benny, deceased, to recover the title and possession of three town lots located in the town of Abernathy in Hale County. Jottie Benny died in February, 1946, leaving as her only child and heir at law the appellee, Arthur Benny, and Johnson was appointed administrator of her estate in March of that year. The record reveals that Jottie Benny and her husband were divorced in Honolulu, Territory of Hawaii, some time prior to June 1, 1940, after which she took up her residence at Long Beach, California. Appellant went from Abernathy to Long

Beach in April, 1941, to work in the shipyards, and while there, he became acquainted with Jottie Benny. In April, 1944, appellant returned to Abernathy, Texas, and about two months thereafter Jottie Benny moved to Abernathy and purchased the lots in controversy upon which there was a small residence. The record shows, and the court found, that although the lots were conveyed to Jottie Benny, appellant furnished the major portion of the consideration paid therefor. The premises were recognized by both of them, however, as being property of Mrs. Benny. After the purchase of the premises, appellant and Mrs. Benny moved into the house and she became his housekeeper. The record further shows that Mrs. Benny was in a poor state of health during a portion of the time she lived in California and, after she moved to Abernathy, her malady progressed to the extent that it became necessary for appellant to devote most of his time in waiting upon her and furnishing her with food and medicines. Finally she was removed to a hospital at Lubbock where she died on the 6th of February, 1946.

■ Appellant pleaded and the court found that an oral contract was entered into between appellant and Mrs. Benny under which Mrs. Benny agreed with appellant that if he would care for her, support and maintain her for the remainder of her life, pay her hospital bills and burial expenses, she would execute her last will and testament and devise and bequeath to appellant all of the property owned by her at the time of her death. On the 9th of October, 1945, Mrs. Benny attempted to comply with the parol contract by executing what she though was a valid will by which she gave and bequeathed to appellant all of the property which she might own at her death. The purported will was not written by her, nor attested by witnesses, however, and it was therefore not a valid will nor subject to probate.

Appellant alleged that, notwithstanding the will was not valid as a last will and testament, it was a sufficient memorandum of the parol contract to satisfy the provisions of the statute of frauds, Article 3995, Revised Civil Statutes, 1925. He further alleged that if the purported will was not sufficient as a memorandum of the parol contract, he was nevertheless entitled to recover the property because he paid the consideration by caring for Mrs. Benny during the latter portion of her life and furnishing medicines and hospital accommodations during her illness, and that he was placed in possession of the property and made valuable and permanent improvements thereon.

The case was submitted to the court without the intervention of a jury and resulted in a judgment denying appellant any relief.

Appellant contends the court erred in rendering judgment against him because, first, the purported will executed by Mrs. Benny was sufficient as a memorandum to satisfy the requirements of the statute of frauds and, secondly, because he paid the consideration agreed upon between him and Mrs. Benny and was placed in possession of the property and made valuable and permanent improvements thereon.

■■ The law is well established in this state that the memorandum referred to in Article 3995, commonly known as our statute of frauds, must contain all of the essential terms of the identical agreement made between the parties so that it is not necessary to resort to parol evidence to establish any substantive feature of it. If it does not do this, then it is not sufficient to satisfy the requirements of the statute. It is not required that the memorandum describe the terms of the contract in specific detail, but it must embrace the substance of the contract so that the terms and provisions of the agreement between the parties can be gathered from the memorandum and are not left to the memory or recollection of witnesses. Patton v. Rucker, 29 Tex. 402; Munk v. Weidner, 9 Tex.Civ.App. 491, 29 S.W. 409; Osborne v. Moore, 112 Tex. 361, 247 S.W. 498; Foley & Whitehill v. Texas Co., Tex.Civ.App., 252 S.W. 566.

■ The purported will does not refer to any parol contract or agreement between the parties nor make any mention whatever of any relationship or dealings between them. It is a simple bequest to the appellant of all property of which Mrs. Benny might be seized and possessed at

the time of her death. It does not purport to be a memorandum of a contract or agreement and gives no evidence that Mrs. Benny had in mind any agreement or contract between her and the appellant at the time it was executed. Since the purported will does not contain any substantive feature of the contract, parol evidence would be necessary to establish its terms and provisions and the substance of the things to which the parties assented. It was therefore insufficient as a memorandum of the contract. Upson v. Fitzgerald, 129 Tex. 211, 103 S.W.2d 147; Allen v. Bromberg, 163 Ala. 620, 50 So. 884; Zellner v. Wassman, 184 Cal. 80, 193 P. 84; Hale v. Hale, 90 Va. 728, 19 S.E. 739; Sorber v. Masters, 264 Pa. 582, 107 A. 892.

In Upson v. Fitzgerald, supra, this identical question was before our Supreme Court for the first time, as far as we are able to ascertain, that the courts of this state have been called upon to pass upon it and the court said [129 Tex. 211, 103 S.W.2d 149]: "A will giving property to one cannot, without ignoring its very nature and purpose, be construed as a memorandum of a contract to devise it for a consideration. The element of revocability inheres in a will and to read into it a memorandum of a contract not to revoke it, when no mention of such contract is made therein, is not warranted by any principle with which we are familiar."

Many cases from other states of the Union are cited in support of the holding and, in our opinion, the rule announced is now well established in this state. Appellant's first contention is therefore not well taken and will be overruled.

Appellant next contends that he paid the consideration provided by the parol contract by caring for Mrs. Benny, furnishing her support and maintenance, and furnishing the necessary medicines, hospital bills and medical services during her last illness; that he was placed in possession of the property, and that he made valuable and permanent improvements upon it. He contends therefore that, under well established rules of equity, the provisions of the statute of frauds do not apply and that the court erred in declining to render judgment in his favor and decree to him the title to the property involved. The court found that there was an agreement between Mrs. Benny and the appellant substantially as claimed by him and that, acting upon such agreement, he discharged his duty to her in the matter of caring for her and paying the expenses of her last illness. It further found that appellant went into possession of the property and that he made valuable and permanent improvements thereon but that his possession was not adverse to Mrs. Benny during her lifetime. The testimony amply supports the finding that appellant fully discharged his duties to Mrs. Benny insofar as caring for her during her illness and furnishing the necessary medicines and hospital facilities are concerned. As to his taking possession of the premises, however, the testimony reveals no act on the part of either appellant or Mrs. Benny, nor is any circumstance shown, whereby any change in the possession of the premises was ever made. The house and lots were recognized by both appellant and Mrs. Benny as being her property when it was purchased and they moved into it. The premises was conveyed to Mrs. Benny by the former owner and she was recognized by appellant as being the owner and in possession of it. It is not shown that she ever recognized his possession nor that she ever indicated the possession had changed from her to appellant. While it is true, as contended by appellant, that, under circumstances such as those revealed here, where the occupancy of the premises was joint, it was not necessary for Mrs. Benny to move off of the premises and leave appellant in sole and complete occupation of it, still the change of possession from her to him must be evidenced by some overt act, or it must be shown that she recognized him as having taken possession under and by virtue of the contract. It is not shown that she was aware of any change of possession nor of any claim by him that he was in possession, nor that appellant ever took possession because of the fact that the premises had become his or that Mrs. Benny had agreed it should become his property upon her death.

In support of his contention that possession of the premises was acquired by him,

even though Mrs. Benny continued as joint occupant, appellant cites us to the cases of Davis v. Douglas, Tex.Com.App., 15 S.W.2d 232; Lehman v. Barry, Tex.Civ.App., 126 S.W.2d 499; Patterson v. Patterson, Tex. Civ.App., 27 S.W. 837; and other cases of like import. In the Davis case it was shown that Millie Profit was deceased; that on October 17, 1924, she was an old feeble, and nearly blind negro woman and was the owner of the lot in controversy; that, on that date, she verbally gave the property to Josephene Davis and, relying upon the gift, Josephene, in good faith, made valuable improvements thereon; that a few days after the gift was made to Josephene, she and her husband, Monk Davis, moved into the residence with Millie and continued to reside there and to exercise control over it until the trial of the case. The court said "The possession shown to have been taken and held under the gift is such, it is thought, as to meet the second requirement of the above rule, notwithstanding the fact that Millie lived on the premises with Josephene and Monk."

 In the other two cases mentioned, acts, statements or circumstances were shown which warranted the courts in concluding that the actual possession of the premises was changed from the donor or grantor to the donee or grantee. No such showing was made in the instant case and its absence is fatal to appellant's contention that, notwithstanding the joint occupancy, he had possession of the premises under the parol contract of sale.

As to the improvements made upon the property by appellant, the court found, and the testimony abundantly showed, that he did make valuable and permanent improvements on the residence. He removed and replaced all of the door and window casings, ceiled the house with sheetrock and installed plumbing fixtures and equipment. It is not shown when these improvements were made, however, nor is there any intimation in the testimony that he made them pursuant to an agreement between him and Mrs. Benny that she would bequeath the property to him. As far as the record reveals, they could have been made long before the parol contract of sale was entered into, while she was fully in possession and so recognized by both of them and as a mere matter of accommodation or convenience to both of them. Whatever might be the rule in some other jurisdictions, it is settled law in this state that before a parol gift or sale of land can be removed from the provisions of our statute of frauds, three things are necessary and must be shown: (1) Payment of the consideration, (2) Possession of the vendee under and by virtue of the contract, and (3) Making valuable improvements upon the property upon the faith of the sale and with the knowledge and consent of the vendor that the possession is being so taken and the improvements so made. The record in this case establishes only one of them. The other two necessary and indispensable elements are wholly lacking and appellant was, therefore, not entitled to recover. Murphy v. Stell, 43 Tex. 123; Wooldridge v. Hancock, 70 Tex. 18, 6 S.W. 818; Ann Berta Lodge v. Leverton, 42 Tex. 18; Eason v. Eason, 61 Tex. 225; Hooks v. Bridgewater, 111 Tex. 122, 229 S.W. 1114, 15 A.L.R. 216; Hauser v. Zook, Tex.Civ.App., 278 S.W. 518; Mulkey v. Allen, Tex.Com.App., 36 S.W.2d 198.

We have carefully examined all of the contentions presented by appellant and, in our opinion, none of them reveals error. The judgment of the court below will therefore be affirmed.