**WAGNER et al. v. MALOY.**

No. 11825.

Court of Civil Appeals of Texas. San Antonio.

June 2, 1948.

Rehearing Denied June 23, 1948.

Strickland, Ewers & Wilkins, of Mission, and Greer, Cox & Patterson, of McAllen, for appellant.

Lauderdale & Bowe, of Mercedes, and L. Hamilton Lowe, of Austin, for appellee.

MURRAY, Justice.

This suit was instituted by Dan Maloy in the District Court of Hidalgo County against John D. Wagner, A. B. DeKock and his wife, Mrs. A. B. DeKock, seeking specific performance of an oral lease of forty acres of land, known as Farm Tract No. 2258 of the North Capisallo District Subdivision of the Llano Grande Grant, in Hidalgo County, Texas, for a period of three years, and also an injunction restraining the defendants from in any way interfering with his possession of the land during the term of the lease.

First a temporary injunction was granted, and upon a hearing on the merits, before the court without the intervention of a jury, the temporary injunction was made permanent and a specific performance of the lease was decreed. John D. Wagner, A. B. DeKock and Mrs. DeKock have prosecuted this appeal.

The controlling question in this case is the validity of the three-year oral lease contract. The lease was from September 1, 1945, until the 31st day of August, 1948. It was clearly a lease of land for a greater period than one year, and was clearly un-

852

enforceable under the provisions of Art. 3995, Vernon's Ann.Civ.Stats., unless, for some reason, equity would require that the provision of said Article should not apply.

According to the testimony of Maloy, which must be given credence because the trial court found in his favor, he entered into an oral lease contract with Wagner on September 1, 1945, for a period of three years. Maloy entered into possession of the land and farmed it for two years, then Wagner transferred the land to his son-in-law and daughter, Mr. and Mrs. DeKock and they moved in and took possession of the land. Maloy instituted this suit to oust them and to enforce his lease contract. Maloy contends that while his lease is not in writing, and is for the lease of real estate for more than one year, nevertheless, he is entitled to the possession of the farm tract and to have his lease specifically performed because he had entered into possession of the tract with the consent of the then owner, had paid the agreed rent for two years, and had made valuable and permanent improvements thereon with the knowledge and consent of the owner, and, in any event, the circumstances were such that a fraud would be perpetrated upon him if the enforcement of the lease contract were denied.

Maloy contended that the land was in a poor state of cultivation, being poisoned up with noxious weeds and grasses at the time it was offered to him. That he was unwilling to take the land unless he could have it for a period of three years, which was orally agreed. He entered upon the land and did much work to free the land from these noxious weeds and grasses. He also leveled off about one and one-half acres of land and filled in about five acres. This was necessary so that the land could all be irrigated. The hill that was leveled off was so high, the water could not be put upon it, and the low land was so low that water would stand on it and ruin any crop planted. He estimated that all of this work was of the reasonable value of $1,000.00. He had agreed to pay one-fourth of the crop as rent. The first year he planted the tract to cotton and paid Wagner some $800.00 rent. The next year he again planted the land to cotton, and that year

paid about $1,500.00 rent. By this time he had the land in such condition that he could have planted a fall vegetable crop, which would have proven very valuable to him. He contends that the leveling off of the one and one-half acres and the filling in of the five acres constituted such permanent improvements as would entitle him to enforce his oral lease contract.

■ The rule with reference to oral lease contracts of land for more than one year is well stated in Hooks v. Bridgewater, 111 Tex. 122, 229 S.W. 1114, 1116, 15 A.L.R. 216, as follows:

"From an early time it has been the rule of this court, steadily adhered to, that to relieve a parol sale of land from the operation of the statute of frauds, three things were necessary: 1. Payment of the consideration, whether it be in money or services. 2. Possession by the vendee. And 3. The making by the vendee of valuable and permanent improvements upon the land with the consent of the vendor; or, without such improvements, the presence of such facts as would make the transaction a fraud upon the purchaser if it were not enforced. Payment of the consideration, though it be a payment in full, is not sufficient. This has been the law since Garner v. Stubblefield, 5 Tex. 552. Nor is possession of the premises by the vendee. Ann Berta Lodge v. Leverton, 42 Tex. 18. Each of these three elements is indispensable, and they must all exist."

■ In view of the trial court's findings, we must here presume that the three-year lease contract was entered into by the parties, that pursuant to such contract Maloy entered into possession of the land and fully paid the agreed rent for two years, and made improvements which were of a permanent nature. However, the evidence shows that these improvements were made with neither the consent or knowledge of Wagner. Maloy himself testified that he did not discuss with Wagner the matter of making permanent improvements and there is nothing to show that Wagner had any knowledge that such improvements had been made. The mere making of the improvements is not sufficient, they must be made with the knowledge and consent of

the owner. Stoval v. Finney, Tex.Civ.App., 152 S.W.2d 887; Wooldridge v. Hancock, 70 Tex. 18, 6 S.W. 818; Taber v. Pettus Oil & Refining Co., 139 Tex. 395, 162 S.W. 2d 959, 141 A.L.R. 808.

This brings us to a consideration of whether it will amount to a fraud upon Maloy if the lease contract is not enforced. Maloy claimed that the permanent improvements were of the value of $1,000.00. It is also apparent that Maloy had had a gross income from the land during the two years of some $6,900.00. Thus Maloy had a nice profit from the land even after deducting the $1,000.00 for permanent improvements. Maloy is presumed to have entered into the oral lease contract with knowledge that it was unenforceable under the provisions of Art. 3995, supra. He has made a nice profit, even after deducting for permanent improvements made by him. Under such circumstances it cannot be said that it will be to perpetrate a fraud upon him to not enforce a contract declared to be unenforceable by statute. In Ann Berta Lodge v. Leverton, 42 Tex. 18, it is said:

"It is well settled, when the purchaser has been fully compensated for his improvements, or had gained more by his possession than he has expended in improvements, they will not avail him as a ground for specific execution." See also, Eason v. Eason, 61 Tex. 225.

Art. 3995, Vernon's Ann.Civ. Stats., provides:

"No action shall be brought in any court in any of the following cases, unless the promise or agreement upon which such action shall be brought, or some memorandum thereof, shall be in writing and signed by the party to be charged therewith or by some person by him thereunto lawfully authorized:

\*　　\*　　\*　　\*　　\*　　\*

"4. Upon any contract for the sale of real estate or the lease thereof for a longer term than one year. \* \* \*"

This is a plain and salutary provision of the statute and should be carried out as written, unless circumstances are shown which justify the breaking down of the bar there plainly stated. No such circumstances are here shown to exist.

Accordingly, the judgment of the trial court will be reversed and judgment here rendered that appellee, Dan Maloy, take nothing and pay all costs of this and the court below.

Reversed and rendered.

### On Motion for Rehearing.

Appellee complains because we stated in our opinion that "the evidence shows that these improvements were made with neither the consent or knowledge of Wagner." The evidence does show that Wagner passed by the field on two occasions when these improvements were in the process of being made. The fact that he may have noticed these improvements would not be sufficient to remove this contract from the operation of the provisions of the statute of frauds, Art. 3995, Vernon's Ann. Civ.Stats. He must have consented to the placing of such improvements on the land, or he must have had such knowledge as would amount to an acquiescence therein.

Appellee also criticizes our statement: "Thus Maloy had a nice profit from the land even after deducting the $1,000.00 for permanent improvements" as being unsupported by the evidence. The evidence does show that appellee had a gross profit of some $6,300.00 to $6,900.00. He did not see fit to offer any evidence as to how much of this gross profit was net profit, if any. Appellee was seeking specific performance of an oral lease contract of land for a period of three years. The burden of proof was upon him to show that there were reasons why it would be a fraud upon him not to enforce this otherwise unenforcible contract. This burden he failed to discharge, by showing there was no net profit made upon the land, although the gross profit was more than $6,000.00.

The motion for a rehearing has been carefully considered and is in all things overruled.