ARKANSAS FERTILIZER COMPANY v. CITY NATIONAL BANK.

No. 2157. Decided March 22, 1911.

**1.—Jurisdiction—Appeal—Presumption.**

When objection to the jurisdiction of the trial court is first raised by motion for rehearing on appeal, every reasonable intendment in favor of the pleading should be indulged which will sustain the jurisdiction. (P. 190.)

**2.—Same—Case Stated—Pleading.**

Action being for the conversion by a bank of notes deposited for collection by plaintiff's agent, alleged to be in amount "about $1200," particular notes, their amounts, the sums collected, unknown to plaintiff, who alleged his damages at $1000 and demanded accounting as to the particulars by defendant, the latter answering showed $898.50 collected and $475.33 in uncollected notes which it

tendered back. On objection to the jurisdiction, raised by motion for rehearing on appeal, the suit is held to be for $1000, and within the jurisdiction of the County Court in which it was brought and tried. Defendant's liability was for the value of the notes converted, and though this was prima facie the face value, the allegation of damages could be taken as asserting that amount to be their value. (Pp. 188-191.)

### 3.—Practice on Appeal—Rendering Judgment.

The appellate court, in rendering judgment on reversal of the rulings of the trial court that defendant was not legally liable, may look to findings made by the trial judge as to the amount of liability, if liable, supplementing the verdict of the jury which did not determine such amount. Act of June 18, 1897, Laws, 25th Leg., p. 15. (P. 191.)

Questions certified from the Court of Civil Appeals, Sixth District, in an appeal from Bowie County.

*T. E. Webber* and *Smelser & Vaughan,* for appellant.

*Glass, Estes, King & Burford,* for appellee.—The conversion of promissory notes created a liability for the aggregate amount of the notes: Ramsey v. Hurley, 72 Texas, 194; Clark v. Cullen (Tenn.), 44 S. W., 204; Sutherland on Damages (3d ed.), sec. 1132; Randolph on Commercial Paper, sec. 1688; Pecos & N. T. Ry. Co. v. Canyon Coal Co., 102 Texas, 478; Burke v. Adoue, 3 Texas Civ. App., 494.

MR. JUSTICE RAMSEY delivered the opinion of the court.

The questions submitted for decision in this case can not be more clearly or concisely stated than by inserting herein in its entirety the certificate presenting same which has been sent up by the Court of Civil Appeals for the Sixth Supreme Judicial District. It is as follows:

"In its petition in an action against the bank for damages for a conversion of certain promissory notes, the fertilizer company alleged that one W. B. Owen was its agent for the sale of fertilizers; that as its agent said Owen 'came into possession of promissory notes made, executed and delivered to him as agent as aforesaid by divers and sundry parties, aggregating about $1200; that the said W. B. Owen after having come into possession as agent aforesaid of the notes above referred to, aggregating about $1200, did place said notes so received by him as agent aforesaid, which said notes then and there belonged to this plaintiff, with said defendant for collection; . . . that plaintiff does not know the amount of each of the notes so placed for collection by the said Owen with the said defendant, nor the names of all the parties who made said notes to said Owen, and plaintiff prays that said defendant be required to disclose and state how many notes it received from said W. B. Owen for collection and the amount, date and names of the makers of each of said notes; . . . that said defendant converted all of the aforesaid notes held by it for collection and which belonged to this plaintiff to its own use and benefit; wherefore, plaintiff says, that said defendant became liable to plaintiff to the value of the aforesaid notes, which defendant

converted to its own use and benefit, to plaintiff's damage the sum of one thousand dollars; wherefore plaintiff prays that defendant be required to disclose as above prayed and that on final hearing plaintiff have judgment against defendant for damages as above stated, for costs and for general relief.' The bank's answer contained a general demurrer, which does not appear to have been acted upon by the court, a general denial, and special pleas which we think it unnecessary to here state further than to say that, among other things, it was alleged in said pleas that Owen was a customer of the bank, as such had an account with it, and became largely indebted to it; that while so indebted to it he brought to the bank 'a large number of notes for various amounts, aggregating not exceeding $1400,' which he placed with it as collateral security for his said indebtedness; that it collected of said notes sums aggregating the sum of $898.50, and applied same as payments on Owen's said indebtedness to it; and that it was unable to collect the notes remaining unpaid, aggregating the sum of $475.33, and which it tendered to the fertilizer company.

"The verdict of the jury was a special one in answer to questions propounded to them by the court as follows:   1. Were the notes placed in the bank as the property of the fertilizer company and placed there for collection only?   2. Were the notes placed in said bank as collateral security for indebtedness of Owen to the bank? The answer of the jury to the first question was 'Yes.' Their answer to the second question was 'No.' The trial court overruled the fertilizer company's motion to enter judgment in its favor on the findings of the jury and granted the bank's motion to render one in its favor, on the ground that 'under the undisputed facts and the law' the fertilizer company was not entitled to relief as against the bank. Afterwards, at the instance of the fertilizer company, the court 'adopting,' as he recites, 'the findings of the jury that the notes involved in this suit were placed with the defendant for collection,' found and reduced to writing and filed with the papers in the case his own findings as to facts established by the testimony, and his conclusions of law thereupon. Among facts so found by the court was one that the bank had collected on account of the notes in controversy the sum of $898.50, and had credited the sum so collected on the debt of Owen to it. There was no finding as to the value of the notes uncollected. A statement of the facts proved on the trial is not with the record on this appeal.

"Being of the opinion that, on the findings of the jury, the bank was liable to the fertilizer company for the value of the notes, we reversed the judgment of the trial court; and being also of the opinion that we were authorized to look to the findings of the court to determine the amount collected by the bank on account of the notes, at the request of the fertilizer company that we do so, we rendered a judgment in its favor for said sum of $898.50.

"The cause is still pending before us on a motion for a rehearing in which the right of this court, in rendering the judgment in favor of the fertilizer company, to look to the finding of the trial court to determine the amount collected by the bank on account of the notes is questioned; and in which, for the first time, the jurisdiction

of the trial court to hear and determine the cause is questioned, on the ground that the suit was for a sum in excess of $1000, exclusive of interest. Both the questions were considered by us while the cause was under submission. In City of Tyler v. St. Louis S. W. Ry. Co., 99 Texas, 491, 91 S. W., 2, the Supreme Court seems to have looked to findings made by the trial court in addition to findings made by the jury as a support for its action in rendering a judgment. We were of the opinion we should follow the course there pursued. As to the other question, arising on the face of the record, but not made in the court below nor here until made in the motion for a rehearing, we were of the opinion that as the allegation in the petition was that the notes aggregated 'about' $1200 and that the damages suffered by the alleged conversion of same was $1000, we should not say that the trial court was without jurisdiction of the cause. Shropshire v. Smith, 37 S. W., 470; Burke v. Adoue, 3 Texas Civ. App., 494, 22 S. W., 824; Peeples v. Woolen Mills, 90 S. W., 62; Pecos & N. T. Ry. Co. v. Canyon Coal Co., 102 Texas, 478.

"Having doubt as to the correctness of the conclusions reached, the Court of Civil Appeals for the Sixth Supreme Judicial District deems it advisable to certify to the Supreme Court for its determination the following questions:

"1. On the allegations in the petition, as set out above, and under the circumstances stated, should it be said that the County Court did not have jurisdiction to hear and determine the suit?

"2. After reversing the judgment of the trial court, was this court authorized, in rendering a judgment for the appellant, to look to the findings of the trial judge to ascertain the amount for which its judgment should be rendered?"

1. It will be noted that no question of jurisdiction was made in the trial court and none on appeal until the motion for rehearing was presented. When presented on appeal, no objection by plea or exception having been interposed, it is clear that every reasonable intendment should be indulged in favor of the pleading and as will sustain the jurisdiction of the court. That the petition is not clear and that it was subject to exception can not we think be doubted. That ordinarily the conversion of promissory notes creates a liability, in the absence of pleading and proof showing a lesser value, for the face value thereof is well settled not only in this State, but generally. Ramsey v. Hurley, 72 Texas, 194; Clark v. Cullen (Tenn.), 44 S. W., 204; Sutherland on Damages, 3d ed., sec. 1132; Randolph on Commercial Paper, sec. 1688. But that an allegation of a different and lesser value than the aggregate sum of notes sued for will control both in testing jurisdiction and measuring a recovery seems to be undoubtedly true. In this case it appears that the fertilizer company did not know the names of at least some of the makers of the notes or the several amounts of same. From the petition it is evident the allegation with respect to the aggregate sum of same was made on the most general information. If the allegation as to such sum, twice repeated, "about $1200," stood alone and was not limited or controlled by other allegations, there would indeed be great force in appellee's contention. But when the petition comes to deal with the

*value* of those notes, and in the only allegation of value, it contains the following: "Wherefore plaintiff says that said defendant became liable to plaintiff *to the value* of the aforesaid notes, which defendant converted to its own use and benefit, to plaintiff's damage, the sum of one thousand dollars." Since the value of the notes was the ultimate limit of the bank's liability we think, while only generally stated, that this allegation should be accepted as the test of the jurisdiction of the court. There is, too, a rule of pleading not infrequently invoked that after verdict matters alleged in the answer may supply defects and deficiencies in the petition. If we look to the answer of the bank this conclusion is greatly strengthened. It is there averred "that it collected of said notes sums aggregating the sum of $898.50 and applied same as payments on Owens said indebtedness to it; and that it was unable to collect the notes remaining unpaid, aggregating the sum of $475.33, and which it tendered to the fertilizer company"— which, in effect, is an allegation, in substance, that the value of all the notes did not exceed the amount in fact collected, which sum was, of course, within the jurisdiction of the court. We therefore answer that on the allegations of the petition, in the light of the answer, that under the circumstances stated, it should not be held that the County Court had no jurisdiction of the suit.

2. Under the statute, approved June 18, 1897, Acts Special Session, page 15, we think it clear that the Court of Civil Appeals was authorized, in rendering judgment, to look to the finding of the trial judge to ascertain the amount for which its judgment should be rendered. The record shows that there was no statement of the facts preserved. The finding of the court is, too, in precise agreement with allegations contained in appellee's answer. Kelley v. Ward, 94 Texas, 289; City of Tyler v. St. Louis S. W. Ry. Co., 99 Texas, 491.