JONES v. EDWARDS.

(Court of Civil Appeals of Texas. San Antonio. Dec. 18, 1912. Rehearing Denied Jan. 15, 1913.)

1. TRIAL (§ 388*)—FILING CONCLUSIONS OF LAW AND FACT.

In view of Rev. Civ. St. 1911, art. 1985, providing that the failure to submit any issue to the jury shall not be deemed a ground for reversal unless its submission was requested in writing by the party complaining, one who requested the submission of issues to the jury cannot demand that the court file his written conclusions of law and fact; article 1989 providing for the filing of such conclusions applying only to trials by the court.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 908–911, 915; Dec. Dig. § 388.*]

2. APPEAL AND ERROR (§ 1050*)—REVIEW—HARMLESS ERROR.

The admission of evidence which was pertinent to no issue that was submitted to the jury and none that could be considered by the court is not prejudicial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4153–4160, 4166; Dec. Dig. § 1050.*]

3. EXCHANGE OF PROPERTY (§ 7*)—MISREPRESENTATIONS—IMPROVEMENTS.

Where, through defendant's misrepresentations, plaintiff was induced to exchange his land for that of defendant, the latter is liable for the value of improvements erected by plaintiff, though plaintiff did not disclose that his land was subject to incumbrances; it appearing that they had been paid but not released.

[Ed. Note.—For other cases, see Exchange of Property, Cent. Dig. §§ 12–14; Dec. Dig. § 7.*]

4. EXCHANGE OF PROPERTY (§ 8*)—REMEDIES—SPECIAL INTERROGATORIES—SUFFICIENCY TO SUPPORT JUDGMENT.

In an action to cancel notes and a deed given in pursuance of an exchange of land on the ground of false representations, the court submitted to the jury in separate questions whether defendant made the various representations alleged, and then charged the jury that, if it answered one or more of the questions in the affirmative, they should answer by yes or no, the question whether such representations were in fact false, and whether plaintiff relied on all or either of the representations prior to making the trade. Held, that an affirmative answer to all of the questions would not support a judgment for plaintiff, as it was uncertain whether the jury found that any particular representation on which the plaintiff relied was false.

[Ed. Note.—For other cases, see Exchange of Property, Cent. Dig. §§ 14–18; Dec. Dig. § 8.*]

5. EXCHANGE OF PROPERTY (§ 3*)—VALIDITY OF CONTRACT — FALSE REPRESENTATIONS — "HEALTHFUL."

Representation by a landowner that his land was located in a healthful locality, made for the purpose of inducing an exchange of lands, was not shown to be false by evidence that there had been much illness in a particular family while living in that locality.

[Ed. Note.—For other cases, see Exchange of Property, Cent. Dig. §§ 3, 5, 7; Dec. Dig. § 3.*

For other definitions, see Words and Phrases, vol. 4, p. 3235.]

6. EXCHANGE OF PROPERTY (§ 3*)—MISREPRESENTATIONS—WHAT CONSTITUTES.

A statement as to the healthful condition of a locality is not necessarily a matter of opinion, but may be stated as a fact, and a misrepresentation thereto, made to induce an exchange of land, may constitute a fraudulent representation warranting the cancellation of the trade.

[Ed. Note.—For other cases, see Exchange of Property, Cent. Dig. §§ 3, 5, 7; Dec. Dig. § 3.*]

7. APPEAL AND ERROR (§ 748*)—ASSIGNMENTS OF ERROR—RULES OF COURT.

Rule 25 for the Courts of Civil Appeals (142 S. W. xii), as amended in January, 1912, requiring assignments of error to refer to that portion of the motion for new trial in which error is complained of is for the benefit of the court, and may, in its discretion, be waived in furtherance of justice; hence, where a motion for new trial was filed before the new rules were promulgated, assignments not in compliance therewith may be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3058–3064; Dec. Dig. § 748.*]

Appeal from District Court, Bexar County; Earl D. Scott, Special Judge.

Action by J. W. Edwards against Travis F. Jones. From a judgment for plaintiff, defendant appeals. Reversed.

Hicks & Hicks & Teagarden, of San Antonio, for appellant. McFarland & Lewright, of San Antonio, for appellee.

FLY, C. J. This is a suit instituted by appellee against appellant for $987 for the cancellation of certain promissory notes and a deed executed by appellee to appellant, and for a foreclosure of a vendor's lien on certain land in Jackson county. It was alleged that a contract was entered into between appellant and appellee, wherein it was agreed that appellee was to buy from appellant a certain tract of land in Jackson county, for which appellee was to pay $987 in cash and convey to appellant 80 acres of land in Oklahoma and give promissory notes for the balance of the purchase money. It was further alleged that appellant represented to appellee that the land in Jackson county was worth $25 an acre; that it was exceedingly fertile and would produce any crop planted thereon, and was especially adapted to raising corn, cotton, alfalfa, and citrus fruits; that it was well drained; that it was dry and very healthy; that it was fine for growing hay, and from one to two tons of hay would be cut each year off each acre; and that a railroad would soon be built in close proximity to the land—all of which representations were alleged to be false, and that appellee had relied and acted upon them to his great hurt and injury. Appellee further alleged that, shortly after he went on the land, it began to rain, the water stood on the land, drowned his grass and ruined his crops, the soil was poor, and he and his wife and child contracted malaria and had chills and fever, and he was compelled to abandon the land, and he sought to recover his damages, the cash he had paid to appellant, and to have his promissory notes and deed canceled. The cause was tried by jury and was submitted on special issues, and, upon the answers returned, a judgment for

$1,125.82 and for the cancellation of the notes and deed to Oklahoma land was rendered for appellee.

[1] The first assignment of error complains of the refusal of the court to file his conclusions of law and fact after the cause had been submitted to and determined by a jury on special issues. Certain special issues were requested by appellant to be submitted to the jury. After the trial, and after the motion for a new trial had been filed, a request was made in writing for the filing of conclusions of law and fact, and the request was denied. No complaint is made in this court of the action of the trial court in refusing to submit the special issues requested, but the complaint is that, after a jury trial and a verdict rendered upon special issues, the judge refused to file his conclusions of law and fact on 20-issues submitted by appellant. When appellant requested certain issues to be submitted to the jury, and those issues were refused, he had a basis for complaint in this court on that action; but we do not think that it was ever contemplated that, in a trial by the jury on special issues, a party has the right to demand conclusions of law and fact from the trial judge. The only authority upon which to base a request for a statement in writing of conclusions of law and fact is found in article 1989, Revised Statutes of 1911; such authority being given only in trials by the court. Appellant cannot avail himself of the privileges granted him in a trial by jury and also granted in the trial of a cause before the court alone. In article 1985 it is specially provided that the failure to submit any issue "shall not be deemed a ground for a reversal of the judgment upon appeal or a writ of error, unless its submission has been requested in writing by the party complaining of the judgment." Appellant presented issues which were refused, and, if he felt aggrieved thereby, he should have presented his grievance in a proper manner to this court. He will not be permitted to shift from a trial by jury to a trial by the court and demand that the court file conclusions of law and fact on the same, or totally different, issues.

[2] As no issue was presented to the jury, and none arose to be considered by the court, which could have been affected by the evidence complained of in the second assignment as having been elicited from the appellant, he could not have been injured by it.

[3] If appellant by fraudulent representations induced appellee to purchase the land in Jackson county, he would be liable for the value of the improvements erected by appellee thereon, regardless of the fact that the land in Oklahoma, which was given as a part of the purchase money, had incumbrances which appellee did not disclose to appellant. His testimony showed that he had paid off the incumbrance and had merely failed to obtain a release. The release was obtained in the latter part of 1909. There was no evidence of fraud upon the part of appellee. He wrote appellant in March, 1909, that if the title to the Oklahoma land could not be cleared up that it would be appellee's loss.

[4, 5] The fourth assignment of error amounts to a contention that the answer to the sixth special issue, in the way it was presented, will not support a judgment, because it cannot be told what representations were false. Through the first, second, third, fourth, and fifth questions the court presented the issues as to whether appellant had represented to appellee that the land was adapted to raising corn, cotton, and hay, whether he had represented that the land was well drained and was healthy, and then the court instructed the jury that, if they had answered one or more of the questions in the affirmative, they would then answer questions 6 and 7. Question 6 was: "Were said representations, or any of them, if made, false in fact? Answer yes or no." The answer was "Yes." The seventh question was as to whether appellee relied upon all or either of the representations prior to making the trade, and whether he was misled and deceived thereby. That question was to be answered yes or no, and was answered in the affirmative. All of the representations having been made, and the jury not finding whether one, two, or all the representations were false, and not finding whether one or all of the representations which were false were relied upon by appellee, it seems clear that there was no finding of facts upon which a reasonable judgment could be predicated. There was no testimony to the effect that the country in which the land was situated was unhealthy, unless it be the fact that the family of appellee were sick while there. If such a test be applied, there is not a healthy spot on earth, for sickness is the heritage of mankind, and death is enthroned in every land. It is not the sickness of one family that will determine the healthfulness of a country, but it is determined by the general health of the population residing therein. The whole of the testimony with any weight was that Jackson county had a healthy and salubrious climate. The manner in which some people live would bring disease and sickness in any land and any climate, and therefore such instances, as in this case, cannot be used as showing the unhealthy condition of a country. People can live in swamps and lowlands, known as malarial districts, and be immune from chills and fever by obeying modern rules of hygiene and conforming to modern laws of health; and, when in such cases malarial affections arise, it should be attributed to the violation of sanitary rules and measures of prevention, rather than to the general unhealthfulness of the country. Such being the state of the evidence, it is probable that

the jury may have concluded that the representation as to health was not false, and yet that it was the only representation on which appellee relied. However that might be, the verdict was too obscure and indefinite, although in direct response to the charge, to form the basis for damages against appellant. He had the right to know in what particular the jury found that he had deceived appellee. The issues were not submitted in a manner calculated to elicit a satisfactory or intelligible verdict, but the verdict was necessarily obscure by reason of the manner in which the jury were compelled to answer. Yeary v. Smith, 45 Tex. 56; Griffin v. Heard, 78 Tex. 607, 14 S. W. 892.

The evidence was conflicting on the other issues; and, while the jury found that all of the representations were made about which findings were sought in the first five questions, they may have found that some of them were not false, which leaves it undetermined upon what issue appellant was called upon to pay damages. Again, the evidence showing that appellee went upon the land ascertained its topography and had an opportunity to know its quality and value, and the jury may have concluded that in those particulars appellee was not misled or deceived; but, if so, it cannot be ascertained from their answers. We think the error in the submission of the issues so palpable and so injurious as to require a reversal.

[6] The fifth assignment of error is overruled. A statement as to the health conditions of a certain locality is not necessarily a matter of opinion, but may be known and stated as a fact. Even an opinion may be a misrepresentation, and, if one gives it as an existing fact on a matter material to the transaction, it then becomes a statement of a fact, and, if the party to whom it is made relies and acts upon it as a fact, the party making it will be guilty of making a fraudulent representation, if it is false. Riggins v. Trickey, 46 Tex. Civ. App. 569, 102 S. W. 918. Writ of error refused.

As hereinbefore stated, there was practically no testimony tending to show that the locality in which the land is situated was unhealthy, but the overwhelming testimony was that it was healthy. We do not think there was sufficient testimony to raise an issue on the point, and it should not have been submitted to the jury.

The seventh assignment is overruled. There was sufficient testimony as to the representation of appellant on the hay-producing capacity of the Jackson county land as to raise an issue for the jury. All of the other assignments of error are overruled. In so far as any material point is raised in either of them, it is but a repetition of matter hereinbefore considered.

[7] On or about January 25, 1912, new rules for the government of the courts of Texas were promulgated by the Supreme Court. It was intended that the rules should be effective from January 1, 1912; but, it being found necessary to amend the rules in several particulars, they were not officially issued until certified to by the clerk of the Supreme Court on January 25, 1912, the day after the final amendment was made. We have no information as to when the rules were placed in such shape and form that they might be distributed to the courts and bar of Texas, but we know that it must have been at some period of time subsequent to January 25, 1912. In the new rules, rule 25 (142 S. W. xii) for Courts of Civil Appeals has been amended by appending to the old rule, as to the requirements of an assignment of error, the sentence, "And must refer to that portion of the motion for a new trial in which the error is complained of." We must presume that the amendment was made, as were the other parts of rule 25, for the convenience of the Courts of Civil Appeals and the benefit of counsel, with no more sacredness nor force than any other parts of the rule, and that no such rigid enforcement of the amendment is expected as would work gross injustice and deprive a litigant of substantial rights. As said by the Supreme Court in the case of Shanks v. Carroll, 50 Tex. 17: "A failure to observe and comply with the rules prescribed by this court regulating the manner of bringing cases before it is a valid and sufficient ground, in the discretion of the court, for the dismissal of an appeal or writ of error, unless good cause is shown why this is not done." This quotation is made to show that the strict and literal enforcement of the rules prescribed for this court rests in its discretion, and that it was never intended that such enforcement should be made an engine of oppression, or to further injustice and wrong. In the interest of justice, the rules are at times relaxed under the peculiar circumstances of a certain case; and so in this case we have considered the assignments of error, although they have not, as required by amendment to rule 25, referred "to that portion of the motion for new trial in which the error is complained of." In view of the fact that this cause was tried and the motion for new trial filed before the new rules were promulgated, and believing that an injustice will be upheld by a refusal to consider the assignments of error, they have been considered. This has been done under the peculiar facts of this case, and this relaxation of enforcement of the amendment to rule 25 shall not serve as a precedent in any cause, and notice is hereby given that such strict enforcement of that amendment, as well as other portions of the rule, will be made as shall be deemed right and proper in the attainment of justice and equity. The rules have been in some instances re-

laxed, and may be again, but warning is given that a strict compliance with the new rules will be demanded by this court.

The judgment is reversed and the cause remanded.