ABILENE ST. RY. CO. v. STEVENS. (No. 556.)

(Court of Civil Appeals of Texas. El Paso. April 13, 1916.)

1. TRIAL ☞350(6)—SPECIAL ISSUES—ULTIMATE FACTS.

In a suit for damages resulting from a collision between defendant's street car and plaintiff's cart, where the special issue as to whether the proximate cause of the collision was due to the car running into the cart or to the horse backing the cart into the car was submitted to the jury, being an evidentiary question bearing on the ultimate fact of negligence, neither the issue nor its answer was material.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 830; Dec. Dig. ☞350(6).]

2. DAMAGES ☞220—VERDICT — SUFFICIENCY.

The jury's finding, "We believe the plaintiff entitled to $150," was a sufficient finding assessing the plaintiff's damages at $150 for the items enumerated in the issue.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 563–566; Dec. Dig. ☞220.]

3. TRIAL ☞388(1)—FINDING OF FACT—JURY TRIAL.

The court properly refused to make a finding of fact when there was jury trying the case,

whose province and duty it was to pass upon such issues.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 908; Dec. Dig. ☞388(1).]

Appeal from Taylor County Court; E. M. Overshiner, Judge.

Suit by G. W. Stevens against the Abilene Street Railway Company. Judgment for the plaintiff, and defendant appeals. Affirmed.

J. M. Wagstaff, of Abilene, for appellant. Ben L. Cox, of Abilene, for appellee.

HIGGINS, J. Appellee filed this suit to recover damages resulting from a collision between a street car of appellant and a two-wheel one-horse cart driven by appellee. Appellee alleged that he was driving east and defendant's car was approaching from the west; that his horse became frightened and backed the cart upon the street car track, where it was struck by the approaching car, damaging the cart and inflicting personal injuries upon appellee; that the car was more than 100 yards distant when the motorman thereof discovered his perilous condition, or could have discovered same by the use of ordinary care, and that he negligently failed to stop the car or attempt to do so; that plaintiff's injury and damage was due to the negligence of the motorman in not stopping or attempting to stop the car.

The cause was submitted to a jury upon special issues which, together with the answers thereto are as follows:

"(1) After the plaintiff's horse became frightened and unruly did the defendant's motorman use all reasonable means at his command to stop the car? Answer: No.

"(2) Was the proximate cause of plaintiff's injury, if he was injured, due to the car running into and striking the cart, or was it due to the horse becoming frightened and backing the cart into the car? Answer: We believe the car ran into the cart.

"(3) In your judgment, what sum of money will reasonably compensate plaintiff for the damage done to his cart and harness, and for mental and physical suffering and injuries to his body, if any such damage and injury, which proximately resulted from the collision of the street car with plaintiff's cart? Answer: We believe plaintiff entitled to $150."

[1] It is first assigned as error that the answer of the jury to special issue No. 2 is indefinite, uncertain, and no answer whatever to the material issue submitted. We do not regard the issue or its answer as in any wise material. All of the witnesses testify, and it is an admitted fact, that the collision occurred between the car and the cart. There can be and is no question that the plaintiff's injury, if he was injured, was proximately due to the collision. The material inquiry was whether the collision and resulting injuries, if any, were proximately caused by the negligence of the motorman in the particulars alleged. There was no occasion to inquire whether the car ran into the cart or the cart backed into the car. At best, it was but an evidentiary matter bearing upon the ultimate fact of negligence.

[2] The second assignment complains that the answer of the jury to the third issue was merely a statement of its opinion, and not a finding upon the issue submitted. The form of the answer is certainly not to be commended. Nevertheless it is, in effect, a finding assessing the plaintiff's damage at $150 for the items enumerated in the issue.

The third assignment is:

"The court erred in refusing to make a finding on the question as to whether or not the plaintiff would have been injured anyway if its motorman had used all means in his power to stop the car."

[3] This case was not tried before the court, but before a jury. The court could not be required to make findings of fact. If appellant desired a finding with respect to the matter mentioned, it should have requested its submission to the jury. Had the court refused to submit it, the correctness of its action in so refusing could have been then reviewed. But no complaint can be made of the court refusing to make a finding of fact when there was a jury trying the case whose province and duty it was to pass upon such issues. Jones v. Edwards, 152 S. W. 727.

Affirmed.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes