## W. B. WARD, JR. ET AL. v. E. L. ETIER.

### No. 3571.   Decided May 30, 1923.

### (251 S. W., 1028).

#### 1.—Practice—Special Verdict—Findings by Court.

The statute (Rev. Stats., Art. 1985) in providing that in a case submitted to the jury on special issues an issue not submitted and not requested by a party shall be deemed as found by the court in such manner as to support the judgment, does not prohibit the court from making and filing his findings on such issues. It would be the better practice to do so and not leave his findings to presumption; and it was not error to do so over the protest of a party who, without requesting submission of such issues, objected to the court passing on them because the trial was by jury. (Pp. 89-91).

#### 2.—Same—Statute of Fraud—Lease—Improvements—Fraud.

In the absence of permanent and valuable improvements by the purchaser the circumstances which will render a verbal lease for more than one year capable of specific enforcement must be such as would make the transaction a fraud upon the purchaser if it were not enforced, and these must be such as arise out of and as a result of the contract. (Pp. 91, 92).

#### 3.—Same—Case Stated.

Plaintiff agreed with the proprietor of a garage for the purchase of his plant and equipment in case the owner of the premises would lease to him for two years, and the latter, understanding the situation of the parties, promised orally to execute such lease if the trade was made. On the faith of this plaintiff made the purchase for a materially greater sum than the property was worth except as a going business in the location. He went into possession, paying rent for six months and making improvements valuable to the premises only as a garage. *Held* that the refusal of the owner to lease for two years so operated as a fraud on the plaintiff arising out of the verbal contract as to entitle him to specific enforcement of the contract to lease. (Pp. 86-92).

Questions certified from the Court of Civil Appeals for the Second District, in an appeal from Tarrant County.

The Supreme Court referred the questions to the Commission of Appeals, Section B, for their opinion, and the same being approved here adopts it as its answers.

*Lassiter & Harrison* and *R. M. Rowland,* for appellants.

The Court erred in overruling, and in not sustaining, defendants' general demurrer to the amended original petition and the supplemental petition of the plaintiff, because said pleadings of plaintiff disclosed that the supposed agreement relied on was in contravention of the statute of frauds, and said pleadings failed to state facts sufficient to take the case out of the operation of said statute.

(On general proposition of applicability of statute of frauds to case made by plaintiff's pleadings). Ann Berta Lodge v. Leverton, 42 Texas, 18; Lechenger v. Merchants National Bank of Houston, 96 S. W., 638; Bradley v. Owsley, 11 S. W., 1052; Houston Oil Co. of Texas v. Gore, 159 S. W., 924; Hill v. Hunter, 157 S. W., 247; Cobb v. Johnson, 108 S. W., 811; Martin v. Martin, 207 S. W., 188; McCarty v. May, 74 S. W., 804; 1 Tiffany on Real Property (2d Ed.) p. 112.

(On proposition that statute of frauds applies as well to an oral agreement for execution of written lease as it does to an oral lease). Lechenger v. Merchants National Bank of Houston, 96 S. W., 638; Harrel v. Sonabend, 191 Mass., 310, 77 N. E. 764; Long v. Long (Calif.) 122 Pac., 1077; 20 Cyc. 285, 296-297.

(On proposition that plaintiff's allegations in this case show on their face that the so-called improvements are not of such a nature to be considered as a ground for taking case out of statute of frauds). Ann Berta Lodge v. Leverton, 42 Texas, 18; Lechenger v. Merchants National Bank of Houston, 96 S. W., 638; Jennings v. Miller, 48 Or., 201, 85 Pac., 517; Peckham v. Barker, 8 R. I., 17.

We think a careful review of our cases will show that, while the distinction has not always been made plain, the sum of their holdings amounts to this: That possession is not enough. That possession and payment of purchase money is not enough. That possession, payment of purchase money, followed by insignificant improvements, is not enough. Possession referable to the contract, followed by valuable improvements of such a nature as to raise an equity in favor of the vendee, which no action at law could satisfy, and which would render it fraudulent on the part of the vendor to repudiate the verbal contract, are all required to take the case out of the statute.

Inasmuch as the undisputed evidence showed that the alleged agreement relied on by plaintiff was within the statute of frauds and was not taken out of the operation of said statute by the facts proved, the Court should have directed a verdict in favor of the defendants.

Inasmuch as the undisputed evidence showed that Etier did not place anything on the rented premises that really constituted an improvement to the realty, enhancing its value to the owners, and inasmuch as the undisputed evidence further showed that all the so-called improvements by plaintiff consisted merely of minor alterations for his own convenience and the installation of certain apparatus and appliances which remained his property and did not become a part of the realty and did not add anything to the value thereof, the Court should have directed a verdict in favor of the defendants.

It is desired to cite a few additional cases recently decided which appear to be more or less directly in point on the questions now before this court for decision. Such additional cases are the following: Howell v. Duncanson, 195 S. W., 349; Jackson v. Carlock, 218 S. W., 578; Wells v. Foreman, 199 S. W., 1174; Leonard v. Cleburne Roller Mills Co., 229 S. W., 605; Hooks v. Bridgewater, 111 Texas, 122.

*Samuels & Brown,* for appellee.

A court of equity will enforce a verbal contract of lease for two years notwithstanding the statute of frauds: (a) When the lessee is placed in possession by the lessor in part performance of the lease contract; (b) where the lessor accepts several installments of the rent in accordance with the terms of the lease contract; (c) where the lessee is induced to purchase the good will and property of a business being conducted in the leased premises by said verbal lease, paying much more than the value of the "good will and property" is worth if the same were disconnected from the leased premises, by the execution on the part of the landlord of the lease; (d) where substantial improvements and additions are made to the property on the faith of the verbal lease; (e) where lessee would not have bought the "good will and property" of the business in the leased premises, but for the verbal lease and so informed the lessor at the time the lease contract was entered into, and before the purchase was consummated; (f) where lessee would suffer great damage which cannot be accurately ascertained if he is deprived of the use of the premises for the time specified in the verbal lease; (g) where the enforcement of the contract of lease will prevent the perpetration of fraud; (h) where the acts of the lessor are such as to estop him from denying the benefit of the lease to the lessee. Adams v. Van Mourick, 206 S. W., 721; Sorrells v. Goldberg, 78 S. W., 711; Edwards v. Old Settlers' Ass'n, 166 S. W., 423; Morris v. Gaines, 17 S. W., 538, 82 Texas, 258; Evans v. G. C. & S. F. Ry. Co., 28 S. W., 904; Ann Berta Lodge, v. Leverton, 42 Texas, 33; 2 Pomeroy's Equity, Sec. 804; 6 Pomeroy's Equity, Sec. 830; Bringhurst v. Texas Company, 87 S. W., 893.

The Court did not err in sustaining plaintiff's motion for a judgment entering a decree for specific performance against the defendant. The Court was without authority to make findings of fact because the case was submitted to a jury, and was required to enter a judgment in accordance with the findings of the jury in response to special issues submitted, and the findings of the jury in this case demand the judgment that was entered. Revised Statutes, Art. 1989; Revised Statutes, Art. 1990; Welborn v. Welborn, 185 S. W., 1041; Hayes v. Stowers Furniture Co., 180 S. W., 151; Texas & Pacific Ry. Co. v. Jones, 196 S. W., 361; Brown v. Rentfro, 57 Texas, 332; Templeman v. Gibbs, 25 S. W., 736; Davis v. Pullman Co., 79 S. W., 637; H. & T. C. Ry. Co. v. Strycharski, 37 S. W., 415; Henne v. Moultrie, 77 S. W., 608; Fireman's Insurance Co. v. Jesse French Piano & Organ Co., 187 S. W., 691.

From the Articles of the Revised Statutes, we conclude that in all cases tried on special issues with the assistance of a jury it is the duty of the court to submit all issues that are raised by the pleadings and evidence introduced on the trial; but if the court fails to submit any issue that is raised on the trial and the parties do not request the court to make such submission, then it is the duty of the court to render a judgment on the findings of the jury and to determine for himself such issues as are necessary to *support* the judgment that he renders, for the Statute reads: "Upon appeal or writ of error, an issue not submitted and not requested by a party to the cause, shall be deemed as found by the court *in such manner as to support the judgment.*" This language, to our mind, prohibits the court from making any findings of fact such as are contemplated by Art. 1989, and especially does it preclude the court from making any findings that are not *in support* of the judgment that he renders. Jones v. Edwards, 152 S. W., 727.

Mr. Judge HAMILTON delivered the opinion of the Commission of Appeals.

The questions submitted for decision in this case cannot be more clearly or concisely stated than by inserting in its entirety the certificate which has been sent up by the Court of Civil Appeals for the Second Supreme Judicial District, presenting same as follows:

"In this case the appellee instituted suit seeking specific performance of a parol contract of lease of premises being used as a place for conducting a garage business for a period of two years, beginning May 1, 1919, and ending April 30, 1921, alleging in substance that he agreed to purchase the garage, furniture and fixtures then in the building, provided he could get a lease of the premises for two years, and that he and the one from whom he proposed to buy went to the appellant, W. B. Ward, Jr., and informed him of the conditional

trade and that the closing of the deal depended on appellant's giving appellee a lease for two years, and that appellant increased the rent over the amount that was being paid by the seller, agreed to execute the lease for two years and told appellee to close the trade and take possession of the premises as lessee. That appellee, in reliance on and in furtherance of said parol lease for two years bought the garage, furniture and fixtures, paying therefor some twelve or fourteen hundred dollars more than the property was worth disconnected from the garage as a going concern. That he took possession of the building, paid rent at the increased rate for six months, and expended some eight hundred dollars installing fixtures necessary for conducting the garage business, some of which were cemented in the sidewalk and some attached to the building, in support of which there was sufficient evidence introduced on the trial to sustain an affirmative finding of said allegations.

"The court submitted the case to the jury on the following issue:

'Did W. B. Ward, Jr., at his office in Fort Worth, on or about April 23rd or 24th, 1919, agree with E. L. Etier to execute and deliver to him a written lease for a term of two years, beginning May 1, 1919, at a rental of $250.00 per month on the lower story of the brick building involved in this suit?'

"Which issue the jury answered in the affirmative.

"The court also granted the appellants' motion to file separate findings of fact, (overruling the appellee's objection that the court was without authority to file findings of fact where the case was tried by a jury, and prepared and filed the following findings of fact:

'In response to the motion of the defendant, filed January 19, 1920, and granted by the court on February 5, 1921, the court now files his findings of fact in the above entitled cause, which are as follows, towit:

'1. I find that the plaintiff herein, E. L. Etier, did not add to the premises in question in this case any improvements which became a part of the realty and enhanced the value thereof to the owners.

'2. I find that, as to any improvements which may have been placed by Etier upon the rented premises, there was no evidence that W. B. Ward, Jr., or any of the other defendants, had any knowledge or legal notice of such being done before or at the time it may have been done.

'3. Assuming in deference to the finding of the jury, and without making any finding myself upon the point, that Ward orally promised Etier to execute and deliver to him a written lease for a term of two years beginning May 1, 1919, I find that said parties (Ward and Etier) did not agree as to when the rent should be payable or as to any other of the terms and stipulations to go into the lease except

that it was to be for two years beginning May 1, 1919, and the rent was to be $250.00 per month. I find that nothing further was said between said parties as to the term of the lease.

'4. I find that the defendants are solvent so that any judgment plaintiff might recover against them for damages on account of his expenditures on the faith of the oral agreement to deliver to him a written lease for two years, if such agreement there was, would be collectible.

'5. I find that plaintiff has, or at least will have before this suit can be·determined, gained more by his possession of the premises in question than he will lose in the way of expenditures for improvements to the property in case this suit shall result in his being ousted.'

''Neither party requested additional findings or attacked those made as unsupported by the evidence. Indeed we think that while in some respects conflicting, the evidence is sufficient to sustain not only the finding of the jury, but also those of the court, nevertheless the court thereon entered its decree in favor of the plaintiff in the suit, appellee here.

''On appeal to this court, as will more fully appear from our opinion herewith transmitted, we reversed the judgment below for specific performance of the parol lease and rendered judgment for appellants on that issue, but remanded the case for trial on the issue of damages.

''The case is now pending in this court on motion for rehearing, and in view of the fact that the holding of this court is in conflict with the decisions of the Court of Civil Appeals in the case of Adams v. Van Mourick, 206 S. W., 721; Sorrels v. Goldberg, 34 Texas Civ. App., 265, 78 S. W., 711; Randall v. Thompson Bros., 1 White and Wilson, section 1101, and at the request of appellee, we deem it advisable to certify to your Honors, for its decision, the following questions:

''1. Did the appellants, with knowledge that the appellee ·had bought the property in reliance and furtherance of the verbal lease, by placing the appellee in possession of the premises and receiving rent for six months, execute such part performance as to estop them from claiming the parol lease void under the statute of frauds?

''2. Did the purchase by the appellee, in reliance upon and in performance of the parol lease, of the property, paying therefor much more than its real value, disconnected from the business as a going concern, with knowledge on the part of appellants that the purchase was made in reliance on the performance by appellants of the lease; making valuable improvements to the furniture and fixtures necessary for the profitable management of the garage, some of which were cemented in the sidewalk, and some attached to the building, but adding nothing to the permanent value of the premises

except for use as a garage, create such equities, in connection with possession of the premises given by appellants and the acceptance of six months rent, as entitle appellee to specific performance of the verbal lease?

"3. Did the trial court err in preparing and filing the separate findings of fact over objection urged by appellee, challenging the court's authority to do so because the case was tried by a jury?"

We think it logical and appropriate to consider first the third and last question propounded in the Certificate.

Article 1985, R. S., 1911, reads:

"The special verdict must find the facts established by the evidence, and not the evidence by which they are established; and it shall be the duty of the court, when it submits a case to the jury upon special issues, to submit all the issues made by the pleading. But the failure to submit any issue shall not be deemed a ground for reversal of the judgment, upon appeal or a writ of error, unless its submission has been requested in writing by the party complaining of the judgment. Upon appeal or writ of error, an issue not submitted and not requested by a party to the cause, shall be deemed as found by the court in such manner as to support the judgment; provided, there be evidence to sustain such a finding."

Evidently the statute contemplates that, in the submission of causes on special issues, there may be omitted issues, the determination of which are necessary for the rendition of a proper judgment. By authority of the statute, the findings on all such issues, when not written and filed by the court, upon appeal or writ of error, are deemed found by the court in such manner as to support the judgment; provided there be evidence to sustain such finding. But there is nothing in the statute suggesting that the court may not reduce his findings on all such issues to writing and file them in the record. Reason would suggest this the safer and better practice, for, then, instead of statutory presumptions as the foundation of the judgment there is substituted the concrete evidence of the court's actual findings as its basis. The legal presumption as to the findings might be contrary to the court's actual findings where those findings are not reduced to writing and filed. That is, the court might draw an erroneous legal conclusion from a finding of fact. In the absence of the filing of such finding the legal presumption would be that the finding of fact was such as to support the judgment, though the actual finding might have been directly to the contrary. If such finding were reduced to writing and filed, instead of presuming that the finding was such as would support the judgment, the judgment would, of necessity, be modified to conform to the legal results flowing from such facts. In the case of City of Tyler v. St. Louis, S. W. Ry. Co., 99 Texas 491, 495, 13 Ann. Cases, 911, 91 S. W., 1, tried before

a jury on special issues, our Supreme Court looked to findings made by the trial court in addition to findings made by the jury as a support for its action in rendering judgment. In the case of Arkansas Fertilizer Co. v. City Nat'l Bank, 104 Texas, 187, 135 S. W., 529, tried before a jury and in which our Supreme Court answers questions, certified by the Court of Civil Appeals for the Sixth Supreme Judicial District, the Certificate states that "the court 'adopting' as he recites 'the findings of the jury that the notes involved in this suit were placed with the defendant for collection,' found and reduced to writing and filed with the papers in the case his own findings as to facts established by the testimony". One of the questions certified was: "After reversing the judgment of the trial court, was this court authorized, in rendering a judgment, to look to the findings of the trial judge to ascertain the amount for which the judgment should be rendered?" The Supreme Court answered: "We think it clear that the Court of Civil Appeals was authorized, in rendering judgment, to look to the finding of the trial judge to ascertain the amount for which its judgment should be rendered." The proceedings and holdings touching this question, in Southwestern Portland Cement Co. v. Latta & Harper, 193 S. W., 1115 are shown in the following quotation from the opinion denying rehearing in that case, p. 1131:

"In their motion for rehearing, plaintiffs also complain of the action of this court in according any consideration to the findings of fact filed by the trial court. They made a written motion that the trial court state in writing and file findings of fact such as it found in addition to the facts found by the jury. But they now say they abandoned this motion and that the findings are a nullity, since the case was tried before a jury. We finding nothing in the record to show that the motion was abandoned, and in case submitted upon special issues, the majority thinks it not improper for the trial court upon request to file findings of fact which definitely show what facts were found by it in addition to the jury's findings and upon which the judgment is based. The Supreme Court seems to have recognized the propriety of so doing. Arkansas, etc. v. Bank, 104 Texas, 187, 135 S. W., 529. It is true the court cannot be required to make up and file such findings (Railway Co. v. Stevens, 185 S. W., 390; Jones v. Edwards, 152 S. W., 727), but we think due consideration can be given to such findings made in response to a request therefor. Such findings are pertinent as affirmatively evidencing the facts which the court did in fact find in addition to those found by the jury." . . .

Our Supreme Court refused writ of error in that case. Foos Gas Engine Co. v. Fairview Land and Cattle Co., 185 S. W., 382 involved the same question. The Court of Civil Appeals held that the trial

judge was authorized to make and file findings of fact on issues not submitted to the jury where no request for submission had been made. Writ of error was refused by the Committee of Judges. Justice Williams, discussing the effect of article 1985, in Moore v. Pierson, 100 Texas, 113, 117, 94 S. W., 1132, 1134, says:

"The consequence must necessarily be that when the trial court has expressly submitted some issues and excluded others and neither party has put in writing a request for the submission of those excluded, they must be regarded in the Appellate Court as having acquiesced in such action and consented for the trial judge to determine from the evidence the issue not submitted. It is only by a written request that the party puts on record his dissent from the action of the court and his insistence upon the right to have the jury, rather than the judge, decide the point at issue."

The findings of the court on issues not submitted to the jury in no way conflict with the findings of the jury on the issue submitted to it and we recommend that question No. 3 be answered in the negative.

It is the established rule of our Supreme Court adhered to with rigidity and tenacity through all efforts to engraft variances, since Garner v. Stubblefield, 5 Texas, 551, that, to relieve a parol sale of land from the operation of the statute of frauds, there must appear; payment of consideration, possession by the vendee, and the making by the vendee of valuable and permanent improvements upon the land with the consent of the vendor; or without such improvements, the presence of such facts as would make the transaction a fraud upon the purchaser if it were not enforced. The same rule applies to the relief of parol contracts for the lease of real estate from that statute.

Law is not concerned with any relief from the statute. Equity is concerned in such cases only to prevent the perpetration of frauds. There is no fraud in refusing to enforce the contract where only the rents have been paid; nor where there has been both delivery of possession and payment of rents without valuable and permanent improvements made on the faith of the contract, or their equivalent. Hooks v. Bridgewater, 111 Texas, 122, 15 A. L. R., 216, 229 S. W., 1114. Was the purchase of the property by appellee in reliance on and furtherance of the verbal lease, with the knowledge of that fact on the part of appellant such equivalent?

The fraud to prevent which equity interposes to relieve an oral contract from the statute must be such as arises out of and as a result of the contract. Mere wrongs resulting from reliance on such a contract and not arising out of it, however gross they may be, will not relieve the contract from the statute. It is not merely to remedy loss to the purchaser that equity may intervene.

In so far as Etier is concerned, the agreement was a tripartite one in which Ward and the other party simultaneously agreed with Etier on all the terms of his contract. The agreement between him and the owner of the garage for its sale was held in suspense and was not closed until he and that owner went to Ward and until Etier, in the company of the three, informed Ward of the conditional trade and that the closing of the deal depended on his giving Etier a lease for two years. Ward, according to the finding of the jury, agreed to do so and then and there told Etier to close the trade and take possession of the premises as lessee. This completed the agreement. Etier was dealing with two persons and making a contract with each but not independently. His agreement with each was dependent upon his agreement with the other. His agreement with each was an element in his contract with the other. He would not have traded with either if the other had not agreed to his part of the total contract Etier was endeavoring to make—to buy the garage and to lease the place for two years. The promise of Ward and the proposition of the garage owner coalesced and combined in their force upon Etier and jointly influenced him to accept each with full knowledge, on the part of all, of such composite influence and, consequently, with a meeting of the minds of all three on the several elements of Etier's contract to buy and to lease. Ward's refusal to carry out his agreement to lease the building for a term of two years and Etier's payment of "some twelve or fourteen hundred dollars more than the property was worth disconnected from the garage as a going concern" and the making of improvements as stated in question No. 2, all in reliance upon the composite contract made among the three men, and not in reliance upon an independent and separate contract from that in which the payment was made, was such fraud upon Etier as was connected directly with the contract, arose out of it, and was strictly referable to it, and was therefore sufficient when added to payment of rents and possession by the lessee to relieve the lease feature of the contract from the effect of the statute of frauds. Lodge v. Leverton, 42 Texas, 18; Eason v. Eason, 61 Texas, 227; Wooldridge v. Hancock, 70 Texas, 18, 6 S. W., 818; Bradley v. Owsley, 74 Texas, 69, 11 S. W., 1052; Hooks v. Bridgewater, 111 Texas, 122, 15 A. L. R., 216, 229 S. W., 1114.

We think that question No. 2 should be answered in the affirmative.

In view of the answer to question No. 2 we do not consider it necessary to answer question No. 1.

The opinion of the Commission of Appeals answering certified questions adopted and ordered certified to the Court of Civil Appeals.

*C. M. Cureton,*
Chief Justice.