## DICKSON et al. v. MORROW.
### No. 2997.

Court of Civil Appeals of Texas. Eastland.
Feb. 27, 1953.

Davis Scarborough, Scarborough & Black, Abilene, for appellants.

Coffee & Gilliland, Big Spring, for appellee.

GRISSOM, Chief Justice.

Mrs. Temple Dickson, a widow, and the partnership law firm of Scarborough, Yates, Scarborough & Black sued Mrs. Stella Morrow, a widow, to enforce a written contract between Mrs. Morrow and Honorable Temple Dickson, an attorney at law, as modified by a subsequent parol agreement. Judgment was for defendants and plaintiffs have appealed.

The written contract between Dickson and Mrs. Morrow was as follows:

"Mrs. Stella Morrow, a widow, of Rotan, Texas, hereby employs Temple Dickson, of Sweetwater, Texas, as her attorney to represent her in the enforcement of her rights in the oil, gas and other minerals as reserved by her in deed to L. R. Wood, dated September 14th, 1934, and recorded in Vol. 38, page 75, of the Gaines County Deed Records. She agrees to pay the said Dickson for said services an undivided one-half interest in everything which may be recovered by him by suit or compromise over and above the usual ⅛th royalty. Dickson is to have no part of said ⅛th royalty at any event, but if she obtains a cancellation of the lease as to her interest in said land he is to have one-half of what may be obtained for a new lease, whether as a cash bonus or by way of an over-riding royalty interest, oil payment or otherwise, and likewise if he obtains such an over-riding royalty interest, oil payment or a cash settlement from the present lease's claimants, Dickson is to have one-half of what may be so recovered.

"Mrs. Morrow is to pay for whatever court costs may be incurred in connection with said matter.

"Dickson may have the privilege of associating other attorneys with him in the conduct of this matter at his own expense, provided such attorneys are satisfactory to Mrs. Morrow."

The undisputed evidence shows that Mr. Dickson recovered about $13,000 for Mrs. Morrow under the contract and, in accord with the terms of the contract, was paid one-half thereof; that Mr. Dickson exercised his privilege under the contract to employ said law firm to assist him in representing Mrs. Morrow; that thereafter a suit was filed in Gaines County, styled Wood v. Morrow, which was transferred to Dawson County and set for trial on December 22, 1950; that Mr. Dickson died on December 2, 1950; that two of the members of said law firm appeared at the trial and stated to Mrs. Morrow in substance that since Mr. Dickson was dead she was free to employ any lawyer of her choice to represent her; that they would get the case postponed so that she would have time to make such arrangements; that Mrs. Morrow wanted said lawyers to try the case and requested them to do so, with the understanding that she would not be required to pay them anything but would pay to Mr. Dickson's widow one-half of the recovery; that after the trial had started, the case was compromised and settled and Mrs. Morrow acquired by the judgment rendered certain interests in land in Gaines County, one-half of which was sued for by the plaintiffs. The jury found (1) that after Mr. Dickson's death Mrs. Morrow agreed to pay Mrs. Dickson a one-half interest in everything which said law firm might recover for her in said case "in accordance with the agreement dated September 18, 1948 between Mrs. Stella Morrow and Temple Dickson;" (2) that the value of the services rendered did not exceed the $6,500 paid Mr. Dickson.

In addition to the suit on the contracts heretofore mentioned, plaintiffs, in the alternative, sued for the reasonable value of the legal services rendered.

Appellants' only point is that Mrs. Morrow, having agreed in writing to pay one-half of all she recovered in connection with the Gaines County property and having agreed, following Mr. Dickson's death, to be bound by that agreement, could not later refuse to carry out the terms of the written agreement.

■ The jury having found against plaintiffs on the count on quantum meruit and said finding not being attacked recovery cannot be had thereon, therefore, if plaintiffs were entitled to recover it was by virtue of the written contract between Mrs. Morrow and Dickson as modified by the parol contract made at the settlement of the Dawson County case, wherein Mrs. Morrow agreed to pay to Mrs. Dickson one-half of what she might recover in the settlement of said suit.

■■ We have concluded that the court correctly held recovery was barred by the statute of frauds. Parties to a written contract within the statute of frauds may not by an oral agreement alter the terms thereof and thus make a new contract resting partly in writing and partly in parol. Robertson v. Melton, 131 Tex. 325, 115 S. W.2d 624, 626, 118 A.L.R. 1505; Michael v. Busby, 139 Tex. 278, 162 S.W.2d 662, 664; Kistler v. Lathan, Tex.Com.App., 255 S. W. 983, 985.

■ The written contract between Mr. Dickson and Mrs. Morrow conveyed to Mr. Dickson no present interest in the land. Browne v. King, 111 Tex. 330, 235 S.W. 522. It has often been held that to relieve a parol sale of land from the operation of the statute of frauds, three things are necessary, namely: Payment of consideration, possession by the vendee, and the making of valuable and permanent improvements by the vendee with the vendor's consent, or, in the absence of improvements, presence of such facts as would make the transaction a fraud on the vendee if the contract were not enforced, and that each of said elements is indispensable. American Nat. Life Ins. Co. v. Warnock, 131 Tex. 457, 114 S.W.2d 1161.

■ We cannot sustain appellants' contention that since said law firm complied with its agreement, made for the benefit of Mrs. Dickson, and recovered an interest in the land for Mrs. Morrow that she is estopped to set up the statute of frauds as a defense, or that there was such performance as took the oral contract out of the statute.

In Miller v. Graves, Tex.Civ.App., 185 S.W.2d 745, 748, Writ Ref., it was held that where a client made on oral agreement that his attorney should have as his fee a contingent interest of one-third of the land he might recover, the fact that the attorney rendered the services he was employed to render and the client failed to convey to the attorney such interest would not take the oral agreement out of the statute of frauds.

In Ward v. Etier, 113 Tex. 83, 251 S.W. 1028, 1031, the court held that there was no such fraud in refusing to enforce an oral contract to lease land, where the rents had been paid, or where there had been delivery, possession and payment, without improvements, as would prohibit the assertion of the statute as a defense to enforcement of the parol contract. See also Chevalier v. Lane's, Inc., 147 Tex. 106, 213 S.W.2d 530, 6 A.L.R.2d 1045, 1046.

The judgment is affirmed.