

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

August 19, 1964

Dr. R. G. Garrett, Executive Director
Texas Animal Health Commission
1020 Sam Houston State Office Bldg.
Austin, Texas 78701

Opinion No. C-294

Re: Whether funds currently appro-
priated to the Texas Animal
Health Commission may be used
to determine which employees
are susceptible to blood poison-
ing from being exposed to toxic
insecticides used in the Screw-
worm Eradication Program.

Dear Dr. Garrett:

Your request for an opinion poses the following question:
May funds currently appropriated to the Texas Animal Health Com-
mission be used to determine which employees are susceptible to
blood poisoning from being exposed to toxic insecticides used
in the Screwworm Eradication Program?

Your original letter requesting an official opinion reads
in part as follows:

"The Animal Disease Eradication Division
of the United States Department of Agriculture,
. . . is offering . . . to determine the serum
Cholinesterase in the blood of employees who
are either exposed to organic phosphorus insec-
ticide or whom we intend to assign duties in-
volving the use of these insecticides . . .

" . . .

"Employees of this Commission handle Co-Ral,
an organic phosphorus animal insecticide, in con-
nection with the Screwworm Eradication Program.
In order for this test to be conducted by the
National Animal Disease Laboratory, Ames, Iowa,
it is necessary that they receive a minimum of
2 ml. of frozen blood serum from each individual.

-1406-

"This Commission desires a written opinion as to whether or not funds appropriated to this Commission by the Legislature can be spent for the collection, handling and shipping of the blood samples from the individual employees, including the travel expenses incurred by the employees in going to and from a physician or clinic."

In a letter supplementing your request, you state, in part, as follows:

"The United States Department of Agriculture informs us that several of their employees have become exposed to organic phosphates and that they are now conducting tests on their employees to determine the serum cholinesterase in their blood. Our employees work side by side in the field with the federal employees and we feel it is necessary and desirable for State employee morale and protection, to prevent loss of work time on the job and to avoid the difficulty of possibly having to replace these employees that we be allowed to conduct these tests with the expense to be provided from the now existing funds of the Texas Animal Health Commission.

"Should the State be allowed to conduct these tests it could prevent embarrassment at a later date if any employee became exposed to such an organic phosphate." (Emphasis added).

Section 1 of Article 1525b, Vernon's Penal Code, provides in part as follows:

" . . . /The Livestock Sanitary Commission, now the Texas Animal Health Commission by virtue of Article 7009a, Vernon's Civil Statutes/ may at its discretion whenever it is deemed necessary or advisable . . . engage in the eradication and control of any disease of any kind or character that affects animals, live stock, fowls or canines . . ."

It is well established that statutes containing grants of power are to be construed so as to include the authority to do all things necessary to accomplish the object of the grant. Terrell v. Sparks, 104 Tex. 190, 135 S.W. 519 (1911). We must assume, therefore, that the Legislature meant to enable the Commission to be able to perform its delegated duties efficiently,

unhampered by low employee morale, excessive loss of work time and loss of personnel - due to job-connected hazards. When the Commission determines that a program is necessary and desirable to properly perform delegated duties, such program should be allowed if appropriations provided in connection with such duties may reasonably be said to be broad enough to allow an expenditure on the program.

That portion of the general appropriations bill for the fiscal years ending August 31, 1964, and August 31, 1965, appropriating funds to the Animal Health Commission, includes funds to be expended on the following:

> "11.   Screwworm Eradication Program--For wages, professional fees and services, travel expense and contingencies, including contracts: . . ."   House Bill 86, 58th Legislature, page 1452.

The above being a broad appropriation for expenses in connection with a Screwworm Eradication Program, we are of the opinion that funds currently appropriated to the Texas Animal Health Commission may be used to determine which employees are susceptible to blood poisoning from toxic insecticides used in the Screwworm Eradication Program.

SUMMARY

> Funds currently appropriated to the Texas Animal Health Commission may be used to determine which employees are susceptible to blood poisoning from toxic insecticides used in the Screwworm Eradication Program.

Yours very truly,

WAGGONER CARR
Attorney General

By *Larry Craddock Jr*

Larry Craddock, Jr.
Assistant

LCjr:ms

Dr. R. G. Garrett, page 4 (C-294)


APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
John Reeves
Gordon Houser
Ralph Rash
Cecil Rotsch

APPROVED FOR THE ATTORNEY GENERAL
By:  Stanton Stone